## JACOBSON *v.* JACOBSON.

Where appraisers are duly appointed to set aside a year's support out of the estate of a decedent to a widow and three minor children the off-spring of the decedent by a former wife, and the return made by such appraisers specifically assigns a sum of money and the household and kitchen furniture to the widow, and also specifically assigns sums of money to each of the minor children by name, and a caveat is filed by the administrator of the decedent, which in terms raises an objection only to the sum set apart for such widow, the issue to be determined by the ordinary does not include the allowance to the children; and when after an appeal from the judgment of the ordinary to the superior court on the issue so formed it appears that a settlement has been made between the caveator and the widow, such caveat can not thereafter be so amended as to bring in issue the allowance made to the children, but on motion the appeal should be dismissed.

Argued February 7, — Decided March 17, 1899.

Year's support — appeal. Before Judge Falligant. Chat-. ham superior court. April 5, 1898.

*H. W. Johnston*, for plaintiffs in error.

LITTLE, J. Catherine Jacobson presented a petition to the ordinary of Chatham county for a year's support, in which she alleged that she was the widow of Charles A. Jacobson, and that he left surviving him the petitioner and four children born of a former wife, to wit, Charles, Mary Ann, Maggie, and Alexander, the last-named three children being minors. She prayed that a year's support might be set aside to her and to said minor children. Appraisers were appointed, who subsequently made a return by which they set aside as a year's support to Catherine Jacobson, the widow, twelve hundred dollars, together with the household and kitchen furniture; and to Mary Ann, Maggie, and Alexander, the minor children named in the petition, two hundred dollars each. To this return the administrator of Charles A. Jacobson filed a caveat upon the following ground: "that the sum so set aside to Catherine Jacobson is excessive and not commensurate with the condition of said estate or the style maintained by the said Charles A. Jacobson during his life." On the hearing, the ordinary reduced the amount set aside to Mrs. Jacobson to nine hundred dollars, and sustained the award of the appraisers as to the amount set aside to the minor children. From this judgment the administrator entered

an appeal to the superior court. In that court counsel for the minor children moved to dismiss the appeal as to such minor children, on two grounds: first, because there was no objection or caveat made to the return of the appraisers setting aside the year's support for the minors; second, because the allowance of a year's support to the widow had been satisfied and settled by the caveator since the filing of the appeal. An agreement of counsel made in writing was filed, wherein it was admitted that the award or allowance of a year's support to Catherine Jacobson, the widow, had been compromised and fully settled by and between the caveator and Catherine Jacobson since the filing of the appeal. The judge overruled the motion to dismiss.

We think the court erred in refusing to dismiss the appeal. It is provided by the Civil Code, § 3470, that where there are two sets of minor children by different wives, the appraisers shall specify the portion going to the children of the deceased wife, and such portion shall vest in them. In this case the petitioner alleged the fact that she was the widow of the deceased, and that there were certain minor children by a former wife; and she distinctly prayed that appraisers should be appointed to set apart and assign to petitioner and to the minor children a year's support, etc. The appraisers separately set aside to the widow twelve hundred dollars and the household and kitchen furniture, and equally and as distinctly set apart the sum of two hundred dollars each to Mary Ann, Maggie, and Alexander. It is true that there were not two sets of minor children by different wives, but there was the widow and a set of minor children born under a prior marriage of the deceased, and evidently the appraisers set aside the portion going to the children of the deceased wife separately from that of the widow. Whether this was contemplated by the statute or not, it was evidently so treated. The caveator filed an objection to "the sum so set aside to Catherine Jacobson." If treated as a separate assignment to the children, the judgment of the ordinary, under the caveat filed, only had the legal effect of reducing the amount specifically set aside to the widow; and there having been a settlement between the only two parties at interest, the motion

to dismiss the appeal should have been granted.    If, however, we treat the year's support as having been set aside under the provisions of section 3465 of the Code, which declares that on the death of any person leaving an estate and a widow, or a widow and minor child or children, they are entitled to a year's support, etc., then it was only necessary that a gross sum should be set aside for the joint use of the widow and children, and a sum thus set apart is not divisible; so, if the aggregate amount of the sums set apart to the widow and children in this case be considered as the year's support under that section, then the appeal from the judgment of the court of ordinary only involves the gross amount set aside.    When, therefore, it appears from the written admission that after there had been a settlement between the widow and the caveator as to the allowance of the year's support, such settlement necessarily carried with it a settlement of the entire case, because the amount set aside to a widow and children, under section 3465, being in gross, it was not possible to define the interest of the children therein.    The allowance, under that section, is made for the support of the widow and children jointly; and there being no legal way of ascertaining the amounts to which the minor children are entitled out of such gross sum, there could, necessarily, be no issue as to whether the sum to which they were entitled was excessive.    So in any event the case was ended, and it was proper to refuse to allow the caveat to be amended so as to bring in issue the allowance made to the children.    We think, for these reasons, the motion to dismiss the appeal should have been granted.        *Judgment reversed.    All the Justices concurring.*