## ANDERSON et al. v. WALKER.

<div style="float:right">

114 505
114 384
114 505
116 212
116 897
114 505
118 497
114 505
119 344

</div>

1. An assignment of error upon the direction of a verdict in favor of a plaintiff sufficiently presents for determination the question whether or not, under the pleadings and evidence, that party was entitled to a recovery.
2. One who is not mentioned in an application for a year's support, either by name or description, can take no beneficial interest in the result of the proceedings had thereunder.

Argued October 9, — Decided December 10, 1901.

Complaint for land.   Before Judge Estes.   Lumpkin superior court.   April term, 1901.

*R. H. Baker* and *O. J. Lilly*, for plaintiffs in error.
*H. H. Dean*, contra.

LUMPKIN, P. J.   The petition of Mrs. Walker against M. H. Anderson and Sarah F. Duckett was, in substance, as follows : Charles C. Anderson, the plaintiff's father, died in the year 1887, leaving a widow (Sarah F., who subsequently married J. B. Duckett) and several children, including the plaintiff and the defendant M. H. Anderson.   After all the children except petitioner had become of age, the said Sarah F. applied for and had set apart for the benefit of herself and petitioner a year's support in land out of the estate of Charles C. Anderson.   Subsequently, Mrs. Duckett undertook to convey this land absolutely to M. H. Anderson, reserving a life-estate in herself, and she and Anderson refuse to allow petitioner any share in the rents and profits thereof.   The deed from Mrs. Duckett to Anderson was entirely without consideration, and its purpose was to deprive petitioner of her interest in the land.   The prayers of the petition were that this deed be canceled, and that petitioner recover from the defendants an undivided one-half of the land set apart as a year's support, with mesne profits.   At the appearance term the defendant Anderson demurred to so much of the petition as prayed for a cancellation of the deed above referred to.   By agreement of counsel the hearing of the demurrer was continued until the trial term.   When the case came on to be heard, the plaintiff "abandoned that part of her petition and prayer covered by said demurrer, and insisted on a recovery only of the undivided one-half interest in the land sued for, with the right to possession of same to begin upon the death of the said Sarah F. Duckett, [and]

no formal judgment or order was taken upon said demurrer." In this irregular way the case proceeded to trial upon the petition and an answer which denied that the plaintiff had any interest whatever in the land set apart as a year's support. At the close of the evidence the court directed a verdict for the plaintiff, and the defendants excepted. On the call of the case here Mrs. Walker moved to dismiss the writ of error, on the ground that the bill of exceptions contained no sufficient assignment of error.

1. The motion to dismiss is not well taken. As shown above, error was assigned upon the direction of the verdict, and this sufficiently presents for determination here the question whether, under the pleadings and evidence, the plaintiff was entitled to a recovery. *Phillips* v. *Railway Co.*, 112 *Ga.* 197.

2. On the merits we have reached the conclusion that the court erred in directing the verdict. The bill of exceptions contains the following recitals: "Plaintiff introduced in evidence a certified copy of warrant of appraisement by the ordinary of Lumpkin county, addressed to blank (no appraisers being named in the warrant of appraisement), dated April the 5th, 1897; oath of appraisers; return of appraisers, setting apart to widow and minor children of Charles C. Anderson, deceased, a year's support including the land sued for; order of court of ordinary at the May term, 1897, ordering return of appraisers to record, but this order reciting that the land was set apart to the widow only. Counsel agreed that the year's support set apart the land sued for in this case." "Defendants introduced in evidence a complete certified copy of the proceedings in the application of Sarah F. Anderson for year's support out of the estate of her husband, Charles C. Anderson, as follows: Petition of Sarah F. Anderson to the court of ordinary of Lumpkin county to have set apart to her a sum for her support and maintenance for twelve months from April the 5th, 1897; order of ordinary appointing appraisers as prayed for, dated April the 5th, 1897; return of appraisers setting apart to her the land sued for, dated April 5th, 1897; certificate of notary that the appraisers [were] duly sworn, dated April 5th, 1897; order of ordinary of Lumpkin county at the May term, 1897, of the court of ordinary, ordering the return of the appraisers to record." It will be observed that the plaintiff did not show, either literally or in substance, the contents of the application for the year's support. The

defendants did show that this application was made in the name and in the behalf of Sarah F. Anderson only. Evidently there was but one proceeding to set apart a year's support; for it appears from both of the recitals copied from the bill of exceptions that the warrant of appraisement, or order appointing the appraisers, was dated April 5th, 1897. We are wholly unable to account for the variance in the two recitals respecting the same proceeding, or to conjecture why they should differ as to what was done by the appraisers and by the ordinary in acting upon their report. According to the first recital, the appraisers made a return "setting apart to widow and minor children of Charles C. Anderson, deceased, a year's support," and the ordinary ordered their return to record, the order passed for this purpose stating that "the land was set apart to the widow only." According to the second recital, the appraisers set apart the land to Mrs. Anderson alone, and their return as made was duly recorded.

We will not stop now to inquire into the validity of a year's support "for twelve months from April the 5th, 1897," purporting to have been set apart out of the estate of a decedent who departed this life in the year 1887, but will confine ourselves to the only question with which we are concerned, viz.: was the plaintiff, under the evidence above set forth, entitled to a recovery in the present case? We are of the opinion that she was not. As she did not undertake to show what sort of an application was made to the court of ordinary for the year's support, and the defendants did show that the application was in the name and behalf of the widow alone, we are bound to conclude that all the proceedings in the court of ordinary were had upon that application. We are not now called upon to decide whether a widow who has minor children by a deceased husband can lawfully obtain for herself alone a year's support out of his estate; but we do decide that if she attempts to do so, and the appraisers and the ordinary go through the forms of setting apart, either to her alone, or to her and her minor children, a year's support, no minor child is entitled to any benefit thereunder. We rule this upon the broad principle that no person can successfully assert a beneficial interest under a proceeding who is not, either by name or description, mentioned or referred to in the petition or application constituting the basis thereof. If, therefore, the version of the proceedings in the court of ordinary set up by

the defendants is the correct one, it is clear that Mrs. Walker did not thereby acquire any interest in the land set apart as a year's support, for she was not named or referred to either in the application or the return of the appraisers. We reach the same conclusion even upon the assumption that her version of the return of the appraisers is correct; for, granting that, it still remains true that she did not show she was a party to the application. We do not wish to be understood as holding that the ordinary had any authority to qualify such a return by passing an order reciting that the land was set apart to the widow only. It was his duty either to refuse to receive the same and require the appraisers to make one in accord with the warrant directed to them, or else to record the return just as presented. But suppose he had done this, he would merely have placed on record a return purporting to set apart to the widow and minor children a year's support in a case where the application therefor was made by the widow for her own exclusive benefit; and, as laid down above, this could not confer any beneficial interest in the land so set apart upon any minor child of the deceased. In the case of *Allen* v. *Lindsey*, 113 *Ga.* 521, the application included the minors, and the return was construed in the light of that fact.

The plaintiff planted her alleged right to recover upon the proposition that she was a beneficiary of the year's support. In our judgment she failed, under any view of the evidence, to show that she was such a beneficiary; and it was therefore error to direct a verdict in her favor. Before concluding we wish to remark that we must not be understood as sanctioning the idea that in any event it would have been lawful, upon the petition filed in this case, for the plaintiff to recover, with the right of possession to begin after the death of her mother. No point of this kind was presented for our decision, and we have accordingly dealt with the case as it comes to us from the court below.

*Judgment reversed. All the Justices concurring.*

LITTLE, J., concurring especially. I do not at all agree to the correctness of the proposition announced in the second headnote, nor to the reasoning of Presiding Justice Lumpkin by which he supports it in the opinion. By Civil Code, § 3465, a provision for the support of the *family* of the decedent is classed as one of the necessary expenses of the administration; and where that family con-

sists of a widow and minor children, no year's support can be lawfully set aside to the widow, excluding such children, nor to the children excluding the widow, unless there are two sets of children by different wives. Civil Code, § 3470. The provision is made for a class as a whole, and not for the benefit of one of that class. The statute expressly states that the year's support for the family — that is, the widow and minor children — may be set aside on the application of the widow. Therefore, when it is so set aside (without regard to the want of an allegation that minor children are a part of the family), the provision so made inures to the benefit of the class named in the statute.

Notwithstanding I take this view of the law, I concur in the judgment rendered, because, assuming that the year's support in the present case was properly set aside, and the defendant in error was one of the beneficiaries thereunder, she was not entitled to recover against her mother any portion of the land so set apart. The reasons for this are fully set out in the cases of *Miller* v. *Ennis*, 107 *Ga.* 663, and *Howard* v. *Pope*, 109 *Ga.* 259.