HORN *et al. v.* TRUETT, administrator.

1. One who claims title to land by virtue of a year's support alleged to have been set apart to him and others out of the land must show that there has been a full compliance with all the requirements of law in regard to the setting apart of the year's support.

2. In such a case, where from the undisputed evidence it appeared that there were two sets of children of the deceased, living at the time the year's support was alleged to have been set apart, and that the return of the appraisers did not specify what portion of the land should be set apart to the children of the deceased wife, but instead set apart a year's support generally, the children of the deceased wife, whatever may be the rights of the children of the surviving wife, can claim no benefit under the year's support proceedings. LITTLE, J., dissenting.

Submitted November 23, 1901.—Decided February 4, 1902.

Claim. Before Judge Butt. Harris superior court. July 13, 1901.

*Cameron & Hargett,* for plaintiffs in error.

LEWIS, J. T. G. Horn died in 1864, leaving a widow, Elizabeth Horn (his second wife) and two sets of minor children. Application was made for a year's support for the widow and minor children; appraisers were appointed, and they appraised the estate at less than $500 in value, and set it all aside as a year's support. The evidence, which, as will be seen, was mainly by parol, is conflicting as to whether the estate was set apart in kind or in money. There was evidence that it was set apart in money, and that Elizabeth Horn bought the property which was sold to raise the money, the administrator making her a deed and taking her receipt for the amount due her as a year's support. At all events, Elizabeth Horn lived upon the land until 1899, when she died. Her administrator advertised the land for sale for purposes of distribution, and the children of T. G. Horn by his first wife interposed a claim to a five-eighths interest in the property, basing their claim exclusively upon the year's support set apart out of their father's estate in 1867. The claim was tried before a jury, who returned a verdict in favor of the administrator; and the claimants' motion for a new trial having been overruled, they excepted.

On the trial of the case in the court below the claimants assumed the burden of proof. In order for them to recover it was necessary to show that the year's support under which they asserted

title was duly set apart, and to establish a full compliance with all the requirements of law relating thereto. The record fails to disclose that this was done. It appears from the evidence that appraisers were appointed to set apart a year's support out of the estate of T. G. Horn for the benefit of his widow and minor children, and that these appraisers appraised the estate at less than $500 in value and set apart the entire estate as a year's support. There is also oral evidence, admitted without objection, going to show that the return of the appraisers was filed in the office of the ordinary, but whether within the time required by law does not appear. Further than this there was no evidence relating to the year's support. It does not appear that the return of the appraisers was ever recorded, as required by the then-existing law, upon which section 3467 of the present Civil Code is founded. On the contrary, the evidence points strongly to the conclusion that the return was never recorded. But admitting, for the sake of the argument, that owing to the lapse of time a presumption arises that due record of the proceedings was made, it is undisputed that at the time of the setting apart of the year's support under which the plaintiffs in error claim title to the land in dispute, there were living two sets of minor children of T. G. Horn, and no attempt was made by the claimants below to show what proportion of the property covered by the year's support was set aside to each set of children. The Civil Code, § 3470, declares that if there are two sets of minor children, by different wives, the appraisers shall specify the portion going to the children of the deceased wife, which portion shall vest in them. It is plain that a compliance with this mandatory statute is necessary to give the plaintiffs in error the right which they endeavor to assert in this case. In the absence of proof so essential to the validity of the year's support under which they claim title, there was a failure on the part of the claimants to carry the burden which they assumed; and it follows that there was no error in refusing to grant a new trial on the grounds that the verdict was contrary to law and the evidence. The portion of the motion for a new trial which complains of alleged errors of law is without merit. The requests to charge, so far as legal and pertinent, were covered by the general charge, and there was no error in the charges of which complaint was made. As there appears to have been no error of law upon the trial in the court below, and as

the verdict was fully sustained by the evidence, the judgment of the trial court will not be disturbed.

*Judgment affirmed. All the Justices concurring, except*

LITTLE, J., dissenting. I am unable to agree with the conclusions which a majority of the court have reached in this case. Horn died in 1864 and left a widow and certain minor children by her, and other minor children born of a previous wife. His estate was less than $500 in value, and was set aside generally as a year's support for the widow and minor children. The return of the appraisers, which set aside the entire estate as a year's support, did not indicate what part thereof should be for the benefit of the widow and her children, and what part should be for the support of the children of the deceased wife; and the majority of this court rule that, because this does not appear, the minor children of the deceased wife can take no interest in the estate which was so generally set aside for the support of the wife and minor children. I am aware that the Civil Code, § 3470, provides that if there are two sets of minor children by different wives, the appraisers shall specify the portion going to the children of the deceased wife; but I take it that if the appraisers in all cases do not do so, the minor children of the deceased wife are not deprived of their right of support. The Civil Code, § 3465, which provides for setting aside a year's support, contemplates the appointment of appraisers to set aside a sufficiency from the estate of the deceased for the support and maintenance of the wife and minor children. This means not only the minors of the living wife, but also a sufficiency for the support of the minor children of the deceased wife; and when appraisers enter upon the duty assigned to them it is not only proper, but is a requirement of the law, that that portion of the estate which is found sufficient for the support of the minors of the deceased wife shall be separately set aside, and when so set aside it vests exclusively in those children. The law favors the policy of supporting the widow and all the minor children for one year. Now, when the estate does not exceed $500, the same section of the code declares that all this estate shall be set aside to the widow and minor children — that is, both sets of minor children. In that case the appraisers are not called on to divide or apportion the estate. The law declares it shall all be set aside; and to rule that because the appraisers do not designate a particular part of that estate which is to

vest in the minor children of the deceased wife, they can claim no benefit from the proceedings, is to exclude them from any support at all, because the whole estate is set aside, and nothing remains which can be devoted to their support. Hence, the object of the law is not accomplished when this entire estate is declared to vest in the widow and *her* minor children. It is my opinion that where the appraisers are vested with no discretion in fixing the amounts to be set aside as year's support, and where the entire estate of a decedent is set aside to the support of his widow and minor children, each and all of his minor children are entitled to a support out of the same.

I may further say that I am not to be understood as assenting to the proposition that the record in this case showed that a year's support was legally set aside to either the wife or children.