## SIZEMORE *et al. v.* WILLIS *et al.*

1. A return of appraisers wherein land set apart as a year's support to a widow and minor children is described as "the remaining interest in the Home Place, including 46 acres more or less of lot No. 121—50 acres more or less of lot No. 176—one and one half acres of lot 121," is not void for uncertainty; and extrinsic evidence is admissible for the purpose of applying the description to the subject-matter.

2. Where the appraisers' return of property set apart as a year's support to a widow and four minor children has been approved and entered of record, it is not void because it omits the names of the minor children.

3. A widow may sell land set apart to her and her minor children as a year's support; and in a suit in ejectment, where the defendant claims by mesne conveyances from the widow, such mesne conveyances are relevant evidence.

4. A new trial will not be granted because of a harmless error. The evidence demanded the verdict directed by the court.

Submitted February 13,—Decided May 15, 1908.

Ejectment. Before Judge Whipple. Stewart superior court. May 24, 1907.

This was an action of ejectment by W. J. Sizemore and others against Green Willis and another. It appeared, from the evidence, that George W. Sizemore had been married twice, that the plaintiffs were his children by the first marriage, and that the defendants claim title through mesne conveyances from his widow and from his children by the second marriage. The plaintiffs proved that G. W. Sizemore died in 1884, in possession of the land in controversy, having been in possession for more than twenty years immediately preceding his death, and left surviving him a widow, Martha J. Sizemore, and eight children, four of whom (the plaintiffs) were children of a former marriage. The defendants offered and the court admitted in evidence, over the plaintiffs' objection, a copy of the return of the appraisers, allowing a year's support to the widow and four minor children of G. W. Sizemore in certain lands therein described, a deed from the widow and two of the children to A. C. Sizemore, to the premises in dispute, and mesne conveyances from him to one of the defendants. It was also shown, that Martha J. Sizemore and those claiming under her had been in possession of the land until her death, which occurred in 1906; and it was shown, by parol testimony, that the ancestor of the plaintiffs, G. W. Sizemore, had conveyed to his wife, Martha J. Sizemore, a life-estate in the land. The suit was instituted shortly after her death. At the conclusion of the testimony of the defendants, the plaintiffs offered in evidence a deed from G. W. Sizemore to Martha J. Sizemore, conveying a life-estate in the premises in dispute; and this deed was repelled by the court, on objection made by the defendants. At the conclusion of the testimony, the court directed a verdict for the defendants. A motion for new

trial was made, on the grounds, that the verdict was contrary to law and without evidence to support it, and that the court erred in admitting the documentary evidence objected to, and in repelling the deed offered by the plaintiffs. The motion was overruled, and the plaintiffs excepted.

*B. F. Harrell* and *G. Y. Harrell,* for plaintiffs.

EVANS, P. J. (After stating the facts.)

1. When the plaintiffs showed that their father, G. W. Sizemore, died in possession of the premises, leaving a widow and eight children, four of whom are the plaintiffs, and there was no administration on his estate, they showed prima facie a right to recover their undivided moiety in the land. The defendants also claimed under George W. Sizemore. The title on which they relied was, a judgment of a year's support, setting aside the interest of G. W. Sizemore in the land to Martha J. Sizemore and her four minor children, and successive conveyances from the widow to themselves. The exemplification of the return of the appraisers, setting aside the year's support to the widow and minor children, was objected to, on the ground that the judgment of year's support was void because the description of the land therein was too vague and indefinite. This description was as follows: "We also set apart the remaining interest in the Home Place including 46 acres more or less of lot No. 121—50 acres more or less of lot No. 176— one and one half acres of lot 121, and the equitable interest in the Matthews land adjoining the Home Place known as north half lot No. 135 including 120 acres more or less." The contention of the defendants is that the property in controversy is the "home place" of the late G. W. Sizemore. The description of land assigned to a widow as a year's support must be sufficiently certain to locate the premises, in order to be effective to divest the title of the heirs. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691). The description of the quantities and lots in the return of the appraisers is too indefinite to locate any particular land, and the return of the appraisers would be void for uncertainty, unless the descriptive language used therein, "the remaining interest in the Home Place," will serve as a basis for identifying the land in connection with parol testimony. Inasmuch as the effect of setting aside land as a year's support is to divest the title of the heirs, and also to release from the demands of creditors of the

decedent the land thus set apart, the description should be as certain as that required in a deed. The rule with respect to certainty in a deed is that while it is not necessary that the instrument should embody a minute description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor, and must show with sufficient certainty what was the intention of the grantor with respect to the quantity and location of the land therein referred to. In *Crawford* v. *Verner,* 122 *Ga.* 816 (50 S. E. 958), it was said: "If the tract be described as being known by a given name, or if reference is made to a more particular description in another deed or survey and plat, the instrument is prima facie good as a conveyance of title, and extrinsic evidence is admissible for the purpose of applying it to its subject-matter if there is in point of fact a tract of land which corresponds to the description given in the deed."

Here the appraisers undertook to set aside the "remaining interest in the Home Place" of the decedent. If there was a tract of land which answered to the description, and was generally known as the "Home Place" of the decedent, it would seem that the judgment should not be void, but that the description could be applied to a particular tract by parol evidence. In Lord Mansfield's time it was held that if a deed correctly described land by its quantities and occupiers, the description would be sufficiently certain, even though the land be located in a different parish from that where the land actually lay. Lambe *v.* Reaston, 5 Taunt. 207. The following description in a deed was held to be sufficiently certain: "Ten acres of land, situated in Rutland district, where I now reside." *Brice* v. *Sheffield,* 118 *Ga.* 128 (44 S. E. 843). A devise of "all of my lands" was held to be sufficient description to operate as color of title to land in the county of the testator's residence, to which he had recorded deeds, and which formed a part of a plantation by his name, and of which he died in possession. *Harriss* v. *Howard,* 126 *Ga.* 325 (55 S. E. 59). While the description in the appraisers' return assigning the "home place" of the decedent did not give the metes and bounds of that place, it was not so vague and uncertain as to be absolutely void, provided there was a "home place" belonging to the decedent, which was known as his "home place," and this could be shown by extrinsic testimony. The words "remaining interest" made an ambiguity sus-

ceptible of explanation. It appeared, from the evidence, that the decedent had conveyed to his wife a life-estate in the land in controversy, and it was competent to show by parol that the interest which was set apart as a year's support was such interest as remained in the decedent after the termination of her life-estate.

2. The return of the appraisers was further objected to, on the ground that it did not disclose on its face the names of the minor children. The record here does not contain a copy of the application for a year's support. If this application disclosed the names of the children, the return of the appraisers would be construed in connection therewith, and would not be void because it failed to name the children. *Allen* v. *Lindsey,* 113 *Ga.* 521 (38 S. E. 975). Even if it be necessary, in such an application by a widow, that it should disclose the names of the minor children, a year's support set aside, upon such application, to herself and minor children would not be open to collateral attack because of the omission to include the names of the minor children. Certainly the widow is entitled to a year's support; and where the contest is not between her and her minor children, the omission to give the names of the children would not invalidate the assignment of the year's support.

3. As the year's support is not void, the widow had the right to dispose of the property set aside, and her conveyance would pass to her grantee such title as vested in her virtue of the year's support (*Stringfellow* v. *Stringfellow,* 112 *Ga.* 497 (37 S. E. 767)), and there was no error in allowing in evidence the successive deeds from her to the defendants.

4. When the defendants closed their case, it appeared, from the evidence, that the defendants and those under whom they claimed had been in possession of the premises for more than twenty years; and the plaintiffs tendered in evidence a deed from George W. Sizemore, under whom both parties to the suit claimed title, conveying to Martha J. Sizemore a life-estate in the premises in dispute. This deed was offered for the purpose of showing that the plaintiffs did not have their cause of action until her death, in the event the year's support was ineffectual to pass title to her; so as to defeat any prescription which might otherwise inure to the defendants from twenty years' possession under claim of right after the death of the plaintiffs' ancestor. The deed was admissible in evidence,

but its exclusion did not injure the plaintiffs, inasmuch as the assignment of a year's support was not invalid.   If the deed had been received in evidence it would have inured to the defendants' benefit, in applying the description in the judgment of year's support to its subject-matter.   It was incumbent on the defendants to show that the decedent owned at his death a tract of land which would fit the description in the year's-support judgment; and a prominent mark of identification was the decedent's deed to Mrs. Sizemore of a life-estate in the ·land, and that the appraisers had this in mind when they set apart "the remaining interest" in the land. The excluded deed would have aided the defendants in this feature of their case; but they were allowed, without objection, to prove orally the factum of the conveyance.   The undisputed evidence identified the land of which the decedent died in possession, as his "Home Place," and there was no error in directing a verdict for the defendants.   *Judgment affirmed.   All the Justices concur.*