### PHILLIPS, guardian, *v.* ATKINSON.

ATKINSON, J. 1. Where property of a decedent is set apart as a year's support for the widow and her minor child by the decedent, and separate property is set apart for the support of a minor child of the decedent by a former marriage, the estates in the property so set apart are separate. Civil Code, § 4046.

2. In such a case, if the minor child of the widow dies, the property set apart to the widow and such child vests in the widow alone for her support (*Miller* v. *Ennis*, 107 *Ga.* 663, 34 S. E. 302); and an equitable action will not lie against the widow, at the instance of the decedent's child by the first marriage, for recovery of a distinct interest in the property set apart to the widow and her child, and mesne profits.

*Judgment affirmed. All the Justices concur.*
APRIL 18, 1913.

Equitable petition. Before Judge Daniel. Butts superior court. February 21, 1912.

Monroe Phillips, as guardian of Elizabeth Atkinson, a minor, instituted an equitable action against Mrs. Lottie C. Atkinson for the purpose of having title to undivided interests in certain real estate and personal property decreed to be in the ward, for an accounting as to rents, etc., and for a judgment for the amount to which the ward might be equitably entitled, and for general relief. The petition alleged, in substance, that T. P. Atkinson died intestate, leaving property consisting of undivided interests in described real estate and personal property. The sole heirs at law were the defendant, Mrs. Lottie C. Atkinson, a posthumous child, Tommie Atkinson, and petitioner's ward, Elizabeth Atkinson, a child of a former marriage. The widow became administratrix of the estate, and made application to the court of ordinary

for a year's support. The whole of the estate was set apart for such purpose. In setting it apart $500 in money and half of the kitchen furniture were set apart for the plaintiff's ward, while the rest of the estate was set apart for defendant and the child Tommie Atkinson. The latter died after the property was so set, apart, leaving no debts other than for funeral expenses, physician's bills, or the like, and without heirs at law except her mother and petitioner's ward. The defendant assumed exclusive possession and ownership of all of the property set apart to her for the use of herself and her child Tommie, and appropriated the rents, issues, and profits thereof to her own use, denying that the plaintiff's ward had any interest therein. No attack was made on the judgment setting apart the year's support, but its validity was conceded, and the plaintiff's action was predicated on the rights alleged to exist thereunder. The action was dismissed on general demurrer, and the plaintiff excepted.

*A. Y. Clement,* for plaintiff.  *H. M. Fletcher,* for defendant.