DeJARNETTE *v.* DeJARNETTE *et al.*

No. 9077.    JANUARY 10, 1933.

*Augustine Sams,* for plaintiff.

*J. K. Jordan* and *Paul S. Etheridge,* for defendants.

HILL, J. (After stating the foregoing facts.) On the death of J. T. deJarnette Sr., his second wife, Mrs. Tennie B. deJarnette, applied for a year's support, stating in the application "that under the laws of Georgia she, the widow of said John T. deJarnette, and one minor child by a former marriage, to wit, John T. deJarnette Jr., are entitled, before the payment of debts, to the allowance called the twelve months support, which she hereby claims for herself and said minor." The appraisers appointed set aside and appraised $6,000 in money as a twelve months support for the widow,

and excluded the minor from any participation in the twelve months' support, the return reciting: "We set aside and assign nothing for the support of John T. deJarnette Jr." At the September term, 1931, of the ordinary's court, there being no objection filed, the return was allowed and ordered recorded. The record shows that J. T. deJarnette Jr., the minor, was nineteen years of age, and in school at Georgia Military Academy at College Park, Georgia, and had no knowledge of the fact that the appraisers appointed by the ordinary of Fulton County had expressly excluded him from any participation in the twelve months' support until immediately before the petition was filed to enjoin the payment of the $6,000 to the widow on the ground that it was obtained through fraud, etc. The record further shows that at the time the return of the appraisers was made the judgment of the court, J. T. deJarnette Jr. had no job or means of earning a livelihood for himself, and had received neither money nor property from the estate of his deceased father. Indeed the record discloses that the estate of J. T. deJarnette Sr. was insolvent, and that the $6,000 set aside to his widow was substantially the entire net proceeds from his estate. At the time of the hearing, J. T. deJarnette Jr. was not represented by any one, and had no notice from the appraisers or any one else that they intended to allow him nothing as a year's support from his father's estate. The appraisers met in the office of the attorney for the defendant. C. R. Collins, one of the appraisers, who was a personal friend of the defendant, testified by affidavit as follows: "We met at the office of [the attorney] who was representing Mrs. Tennie B. deJarnette. We merely represented Mrs. Tennie B. deJarnette in making the appraisal for the year's support. We did not consider J. T. deJarnette Jr. Something was said about J. T. deJarnette Jr., and one of the appraisers asked . . the attorney for Mrs. Tennie B. deJarnette if we had to set aside anything for Mr. J. T. deJarnette Jr. The attorney said: 'It is not compulsory.' We had not been approached by the minor son, and I personally was not acquainted with Mr. J. T. deJarnette's family by his first wife, and did not see why we should make an appropriation for the son. In making the return I did not take into consideration the minor son at all." In these circumstances, and the facts before stated, did the court below err in refusing the injunction prayed for?

The Civil Code (1910), § 4041, provides how a year's support to the family of a decedent shall be applied for and set aside: "And it *shall* [italics ours] be the duty of such appraisers, or a majority of them, to set apart and assign to such *widow and children* [italics ours], or children only, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months from the date of administration." Section 4046 is as follows: "If there are two sets of minor children, by different wives, the appraisers shall specify the portion going to the children of the deceased wife, which portion shall vest in them." It will be observed that the language of § 4041 is mandatory; for it declares that it *shall* be the duty of the appraisers to set apart and assign "to such widow and children," etc. And the language of § 4046 is no less mandatory when it declares that where there are two sets of minor children by different wives, the appraisers *shall* specify the portion going to the children of the deceased wife, for the support and maintenance of such minors. The question therefore arises, whether the appraisers can as a matter of law disregard the rights of a minor. The law declares that the appraisers must take into consideration the solvency of the estate. They can not disregard the rights of the widow. Neither can they disregard the rights of a minor child. To arbitrarily discriminate against the child or children, and set apart for the widow alone the entire net proceeds of an insolvent estate, and give the minor child no notice of such action, is so unreasonable and contrary to law as, in our opinion, to void such judgment. It may be true that as between a stepmother and stepchild there is no such fiduciary relation (*Ellis* v. *Hogan,* 147 *Ga.* 609, 95 S. E. 4) as would require the stepmother to notify the child of the action of the appraisers in excluding the child from any participation in a twelve months support; yet, where the stepmother has made application to the ordinary for appraisers to be appointed to set aside a twelve months support for such widow and minor child by a wife of her deceased husband, it seems to us that in such circumstances good faith requires such stepmother to notify such minor that he has been excluded from participating in the twelve months support, in order that he may, if he so desires, file such objections as he or his counsel, or next friend, may deem proper. To arbitrarily discriminate against the minor child under the application for twelve months

210

support, and to set apart to the widow the entire assets of an insolvent estate, is to render such action nugatory and void; and a judgment based on such action is void as a matter of law. Our Code declares, in § 5964, that a void judgment is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Section 5965 declares that the judgment of a court of competent jurisdiction may be set aside by decree in chancery for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Evidently the appraisers acted under a mistake of the law in assuming that it was not compulsory on them to set aside any portion of this estate for the benefit of the minor, who was, so far as the record shows, more dependent upon his father's estate for support and maintenance than the widow who received the entire net amount of this insolvent estate. According to the uncontradicted evidence of one of the appraisers, they did not take into consideration the minor son at all. They were directed both by the application and by the order of appointment to set aside a twelve months support for the widow and the minor child, and they can not ignore arbitrarily the mandate of the law which declares that there *shall* be set aside out of the estate of a decedent, whether solvent or insolvent, a sufficiency for the support of the widow and *minor child* or children of such deceased parent. So we conclude that the court erred in refusing the interlocutory injunction.

*Judgment reversed. All the Justices concur.*
ATKINSON and BELL, JJ., concur in the result.