DUBBERLY *v.* CHAPMAN *et al.*

No. 9428. JULY 14, 1933.

*D. M. Clark* and *Highsmith & Highsmith,* for plaintiff.
*W. Glenn Thomas,* for defendants.

BECK, P. J.   John E. Dubberly brought complaint for land against A. L. and D. C. Chapman, alleging that J. F. Chapman, the father of the defendants, died in the year 1890, a resident of Wayne County, and in possession of a tract of land of about 1400 acres in the southeastern portion of the Mt. Pleasant district of said county; and that after the death of J. F. Chapman there was set apart to his widow a year's support consisting of certain described lands.   The description of the land was as follows: "A part of the old homestead and fifty acres of land around the old premises, being where the said J. F. Chapman was living at the time of his death, and a part of said 1400-acre tract and lying and being in Wayne County, Georgia.   A plat of said parcel of land so set apart as a year's support is hereto attached and made a part hereof, marked Exhibit A."   It is further alleged that on September 15, 1896, the petitioner became the owner, through purchase from the widow, of said parcel of land so set apart, and is now the true and lawful owner of the same; that the defendants, without any actual bona fide claim and without any lawful warrant or authority, have entered upon the said tract of land and are now in possession thereof, and refuse to surrender same to petitioner. The prayers are for recovery of the land and mesne profits, and for the production of certain documentary evidence.   The defendants made a motion to dismiss the petition, upon the ground that "the description as set forth in the petition is insufficient upon which to base a recovery of said land."   Thereupon the plaintiff offered an amendment alleging that "the old homestead of J. F. Chapman and his dwelling was located at the point where the word 'settlement' appears on the plat and 250 feet northeast of the oaks marked on said plat, and the said word 'oaks' being intended to represent

oak trees standing on said premises, and there being now on said lands the evidence of the old buildings and the old fence rows around said old premises and said oaks; that the old Burney road shown on said plat crosses the southeast line of said parcel of land about 400 ft. north of the southeast corner of said parcel of land, as shown by the word 'stake.' And further amends by showing that the top of said plat is north." The court refused to allow this amendment, and a motion in the nature of a general demurrer was sustained. Error is assigned on these rulings.

We are of the opinion that the court erred in refusing to allow the amendment, and in dismissing the action. The allegations in the petition and the amendment, when construed with reference to the map attached as an exhibit, sufficiently identify the parcel of land sued for, as against a general demurrer. It may be true that the land is not precisely identified and located, but the allegations afford a basis for introduction of aliunde evidence to make precise the boundaries of the tract of land. The map attached to the exhibit does not show by whom it was made, or when it was made, or whether it was made by the county surveyor at the time of the setting apart of the year's support; nor is there any copy of the proceedings in the court of ordinary, or of the order of the court of ordinary setting apart the year's support; but there was no special demurrer to the petition upon this ground. The map is alleged to be "a plat of land so set apart as a year's support." If this map had been offered as evidence, without some showing as to who made it, when it was made, and whether or not it was a part of the return of the appraisers or commissioners, it would have been objectionable; but, relatively to the demurrer that was filed, it is to be treated as a part of the allegations showing a description of the land sued for. If, instead of attaching such a map or plat, the petitioner had given a description of the land as it is marked upon this map, that, taken in connection with the allegation in the petition, would have been sufficient to withstand the general demurrer. We do not overlook the ruling made in the case of *McSwain* v. *Ricketson*, 129 *Ga.* 176 (58 S. E. 655), where it was held: "The judgment setting apart the year's support being, in effect, a conveyance to her of the interest of her deceased husband in the property, the description of the property must be such as to render it capable of identification. If the description is so vague and indefinite that

the property can not be identified, the title to the estate is not divested by the judgment setting apart the year's support. That certainty which is required in a deed, or other conveyance, is also required in a judgment setting apart a year's support, certainly so far as land is concerned. If the judgment now in question had purported, on its face, to have set apart all of the property, or all of the lands, of the deceased, parol evidence would have been admissible to show what lands were owned by the deceased. But there is nothing in the judgment to indicate that it was the intention of the commissioners to set apart the entire estate." Neither should we overlook the rulings where it is held that if the description given in a deed affords a key to the identification of the land intended to be conveyed, it will be sufficient. In *Andrews* v. *Murphy,* 12 *Ga.* 431, it was said: "It is necessary that there be, in all valid deeds, a description of the thing conveyed, and there must be such certainty in the description as clearly shows what the grantor intended to convey, and as will render it practicable to identify the premises. The rule is laid down with sufficient clearness by Judge Marshall in the following words: ' It is undoubtedly essential to the validity of a grant that there should be a thing granted, which must be so described as to be capable of being distinguished from other things of the same kind. But it is not necessary that the grant itself should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what is conveyed.' " In *Sizemore* v. *Willis,* 130 *Ga.* 666 (61 S. E. 536), it was said: "A return of appraisers wherein land set apart as a year's support to a widow and minor children is described as 'the remaining interest in the home place, including 46 acres more or less of lot No. 121—50 acres more or less of lot No. 176—one and one half acres of lot 121,' is not void for uncertainty; and extrinsic evidence is admissible for the purpose of applying the description to the subject-matter."

Viewing the map or plat attached in this case in connection with the description given in the petition, we have a tract of fifty acres of land. On that map is marked the location of certain oak trees, which it is alleged are standing on the premises; and it is also alleged in the amendment that there are now on said lands the evidence of old buildings and an old fence row around said old premises and said oaks. There are also other marks given on this plat, and the lines definitely marked by length and direction. These marks

and delineations on the map are to be treated as descriptive allegations in the petition; and when so taken, it can not be said that the description of the premises set apart as a year's support is too indefinite to support a basis for recovery. It may be that upon the trial of the case, when the return of the appraisers is shown, there is nothing sufficiently definite to afford a basis for recovery; but, as said above, there is no special demurrer upon the ground that the return of the appraisers is not made a part of the petition by exhibit or otherwise. And if the plat attached as an exhibit should be offered in evidence, it would then be a question for the court to decide whether or not there is sufficient proof of its verity and accuracy to make it admissible.

*Judgment reversed. All the Justices concur, except Hill, J., absent for providential cause.*