WILLIAMS *v.* ROSETTE *et al.*

No. 9675. August 10, 1933.

*C. L. Padgett* and *George G. Finch,* for plaintiff.

*Tye, Thomson & Tye,* for defendants.

Beck, P. J.   John Williams brought suit to recover land against Mrs. W. C. Rosette Jr., and others, alleging that plaintiff's father was the owner of the land at the time of his death on January 10, 1918, when the plaintiff was seventeen years old, he being the only minor child surviving at the time of his father's death.   The father left a widow, Esther Williams, who was his second wife and the plaintiff's stepmother.   On January 31, 1919, the widow filed her application to have the land in question set apart to her as a year's support.   The appraisers appointed by the court set apart the land to the widow alone as a year's support.   Plaintiff contends that he was vested with a joint and equal interest with his stepmother in this property.   The widow died in the year 1921, not having disposed of the land for the purpose of providing for her support or that of plaintiff, who contends that upon her death he became sole heir to the land.   On April 19, 1927, Mrs. Rosette took possession of the land against the will of the plaintiff, and since then has been in possession.   Defendant claims title and right of possession through successive conveyances.   The "plaintiff is claiming title through his stepmother, Esther Williams, and defendants are likewise claiming title through her as common grantors."

The defendants filed a general demurrer.   The plaintiff amended by alleging that his stepmother conveyed the property by deed of gift to her daughter by a former marriage (Cornelia Freeman), in consideration of love and affection, reserving in said deed a life-estate in herself; and Cornelia Freeman conveyed to Charlie Early, who conveyed to Mrs. Rosette; that the children of Esther Williams by a former marriage, who were named in the original petition, were never in his father's household and were never supported by his father; and that upon the death of the stepmother the title to the land vested in the plaintiff.   He further alleged that the land was worth $3,000 at the time it was set apart to his stepmother as a year's support at a valuation of $800, and the amount of the

judgment for a year's support was excessive; "that the action of his said stepmother in procuring the said land to be set aside to her as a year's support at a valuation of $800 without applying for and providing for his support from the said land or the proceeds thereof, and without having the same vest in her jointly with him, was a fraud upon him committed by her in procuring said judgment, and is nugatory and void, and he prays that this court so decree, and that this court set aside the judgment granting the said property to his stepmother as a year's support for fraud in its procurement; that plaintiff did not discover that his stepmother had procured the said land to be set apart to her as a year's support, or that she had conveyed the property to Cornelia Freeman, or that the other deeds described had been executed, until immediately prior to the filing of this suit; and plaintiff has acted with all possible diligence after obtaining actual knowledge of said facts."

The court sustained a general demurrer to the petition, as well as objections to the amendment, and dismissed the action.

■ We are of the opinion that the court did not err in sustaining the demurrer. The land in question was set apart as a year's support to plaintiff's stepmother, and he was not named in the application for the year's support. Therefore he could not recover as a beneficiary in the year's support, even though he might have been erroneously excluded from the year's support. In *Anderson* v. *Walker,* 114 *Ga.* 505 (40 S. E. 705), it was ruled: "One who is not mentioned in an application for a year's support, either by name or description, can take no beneficial interest in the result of the proceedings had thereunder." See also *Horn* v. *Truett,* 114 *Ga.* 995 (41 S. E. 498); *Phillips* v. *Atkinson,* 139 *Ga.* 740 (78 S. E. 116). The plaintiff urges the ruling in *Dickerson* v. *Nash,* 74 *Ga.* 357, where it was held: "Where a widow had set apart to her as a year's support the entire estate of her deceased husband, consisting in part of realty and in part of personalty, and having consumed the entire personal estate, died, the title to the land vested [in] the minor children of the deceased husband, and was not subject to sale by the administrator of the widow." But it will be noticed in the statement of facts that it was said: "The case was submitted to the presiding judge without a jury, and from his finding the following facts appear: Hastings Jennings died, leaving the land in dispute, of the value of $160, and personalty of the

value of $124. The realty and personalty were set apart as a twelve months' support to his widow and four minor children by a former wife. The widow consumed all the personalty. (The bill of exceptions states that the year's support was set apart to the widow, without notice to the minors, and that they did not live with her at that time or afterwards)." Accepting the statement as it appears from the record, that the realty and personalty were set apart as a year's support to the widow and four minor children by a former wife, it appears that that case differs in its facts from the present one. It also appears that the case of *DeJarnette* v. *DeJarnette*, 176 *Ga.* 204 (167 S. E. 526), relied upon by the plaintiff in error, differs in its facts from this case. And the same may be said of *Ellis* v. *Hogan*, 147 *Ga.* 609 (95 S. E. 4), where it was held that there was fraud in the procurement of the year's support. The allegation in the amendment that the widow procured this year's support to be set apart to her by fraud was not sufficient to show any fraud. A mere allegation of fraud does not show fraud; but to make a good allegation of fraud, the facts constituting the alleged fraud must be set forth.

■ The amendment to the petition, by which the plaintiff sought to assert title as heir of his deceased father, was also demurrable upon the ground that it was an attempt to set up a new and distinct cause of action. The original petition and the petition as amended were subject to the general demurrer.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*