## FARMERS BANK OF TIFTON *v.* WILLIAMS *et al.*

No. 12945. SEPTEMBER 16, 1939.

*C. A. Christian* and *Robert R. Forrester,* for plaintiff.

*R. D. Smith,* for defendants.

REID, Chief Justice. The Farmers Bank of Tifton brought suit against Mrs. T. V. Williams, her two minor children, Thomas Frank Williams and Caroline Williams, and others not necessary to mention here, in which it sought to have a deed to certain described

real estate executed by Mrs. Williams to said minor children set aside on the ground that it was without consideration and made by her to hinder, delay, and defraud the plaintiff in the collection of a debt it held against her. Code, § 28-201, par. 2, 3. The plaintiff alleged that Mrs. Williams was insolvent, and sought a judgment for the indebtedness. Mrs. Williams answered and denied that the deed was without consideration and made for the purpose charged, and pleaded that at the time of the execution of the deed in question she was indebted to the minor children in a named approximate sum, and that said deed was executed in payment of this debt. In support of these allegations she contended at the trial that before the execution of the deed the court of ordinary had set apart as a year's support certain property of the estate of T. V. Williams to her and said children jointly as the widow and minor children of T. V. Williams, and that she became indebted to the minor children by virtue of her sale and personal use of their share of said year's support with their consent. The plaintiff contended, that, since the names of neither of said minor children appeared in the application for the year's support, the appraiser's return, or in the judgment rendered by the ordinary, it followed as a matter of law that said children took no beneficial interest in the property so set apart, and that her sale and use of the property did not create any debt on her part to them. The judge ruled that, under proper construction of the application for year's support and the judgment thereon, the children took a beneficial interest in the property set apart. The jury rendered a verdict in favor of the plaintiff for the amount of its debt, and further found "the deed to be legal." A motion by the plaintiff for new trial was overruled. The sole question presented for our determination and argued by counsel for the plaintiff is whether under the facts the judge was correct in his ruling, it being in effect conceded, if he was, that the deed was based on a valuable consideration, and that a new trial was properly denied. No other question is raised, and we will deal with the case accordingly, not undertaking any adjudication as to any right of any person or property except in respect to this one issue.

The application for year's support was made out on a printed form provided for that purpose, and as filed was as follows (the italicized words being those inserted): "The petition of *Mrs. T.*

*V. Williams* respectfully showeth that *T. V. Williams* late of said county, departed this life on the *3* day of *December, 1935,* leaving your petitioner, his widow, and ——— minor children surviving him; and she prays your honorable court, in conformity with the statute in such case made and provided, to appoint five discreet and proper persons to act as appraisers in setting apart to your petitioner and her ——— minor children, as aforesaid, the sum necessary in their judgment for support and maintenance for the space of twelve months from the death of the said *T. V. Williams* of your petitioner and her children." It thus appears that the minor children were not actually named in the application, nor were the number of the minor children supplied in the blank space provided therefor. On another printed form Mrs. Williams, as administratrix of the estate of Mr. Williams, acknowledged service of the application of herself "and her children for twelve-months support." The order of the ordinary appointing appraisers under this application was on a printed form. It referred to the application as that of Mrs. Williams and "her ——— minor children," and directed the appraisers to set apart a year's support to "Mrs. T. V. Williams . . and her ——— minor children." The return of the appraisers set apart certain property of the estate "for the support and maintenance of the widow of T. V. Williams for twelve months from the date of administration of the estate of T. V. Williams." The judgment of the ordinary was as follows: "The report of the appraisers appointed to set apart to the widow and minor children of T. V. Williams the provision allowed by law being read, and the court being satisfied that the same is in due form and properly made, and the same having remained on file in this office thirty days, and citation having been published according to law, and no valid objection being filed thereto, it is ordered that the same be admitted to record, and stand as the judgment of this court."

The plaintiff cites *Anderson* v. *Walker,* 114 *Ga.* 505, 507 (40 S. E. 705), and *Williams* v. *Rosette,* 177 *Ga.* 528 (170 S. E. 373), as authority for the position that under the proceedings as above set out the minor children took no title to or interest in the property set apart as a year's support. In the *Anderson* case it was ruled that "One who is not mentioned in an application for a year's support, either by name or *description* [italics supplied],

can take no beneficial interest in the result of the proceedings had thereunder." This ruling should be considered in the light of the facts presented in that case, and when so considered it is not authority for the position that in order for a minor child, or minor children, to take an interest in a year's support, the name of such child or children must actually appear in the application. In that case the application was made by the widow in her own name, and no mention was made of minor children, by name or otherwise. The court said: "We are not now called upon to decide whether a widow who has minor children by a deceased husband can lawfully obtain for herself alone a year's support out of his estate; but we do decide that if she attempts to do so, and the appraisers and the ordinary go through the forms of setting apart, either to her alone, or to her and her minor children, a year's support, no minor child is entitled to any benefit thereunder. We rule this upon the broad principle that no person can successfully assert a beneficial interest under a proceeding who is not, *either by name or description,* mentioned or referred to in the petition or application constituting the basis thereof." The italicized portion of the above excerpt would seem to indicate that it was not thought that the names of the minor children should actually appear in the application in order for them to take an interest in the property set apart. Our interpretation of that decision is, that, in order for minor children to take an interest in property set apart as a year's support, it should in some manner appear in the application that it is made in their behalf; and that where it affirmatively appears that the application was made by the widow, and that the minor children were not referred to therein by name or otherwise, they take no interest in the property set apart. In the present case the application as filed was clearly on behalf of the minor children of the deceased. The decision in the *Anderson* case not only does not militate against the ruling of the judge, but by implication supports it. What has been said in reference to the *Anderson* case is equally applicable to the *Williams* case.

Counsel for the plaintiff stresses the fact that the blank space in the printed form of application for year's support, immediately before the words "minor children" wherever they appeared therein, which was apparently provided for the insertion of the number of children, was not filled in by Mrs. Williams. We attach no con-

trolling significance to this fact. As we have indicated, we do not think that in order for the minor children to take an interest in the property set apart it was necessary that their names appear therein, nor do we think that the fact that the number of the children was not set out affects their rights. It does not necessarily indicate that the widow did not intend to concern herself with the children for it appears that she did not strike out the words "minor children." At any event, it is not so much what she may have intended to do but rather what was actually done; and since the application was by her for herself and her "minor children," it should follow that the children take an interest in the property set apart. It is settled that in making the application the widow may act for herself and the minor children. *Hendrix* v. *Causey,* 148 *Ga.* 164 (96 S. E. 180) ; *Lane* v. *Jackson,* 151 *Ga.* 584 (107 S. E. 846). The right to a year's support vests in a widow and minor children at the time of the death of the husband and father. The statute has for its purpose the joint support and maintenance of the widow and minor children. *Rakestraw* v. *Rakestraw,* 70 *Ga.* 806, 808; *Cheney* v. *Cheney,* 73 *Ga.* 66, 70. It is based on considerations of public policy; and as the provisions of the statutes in reference thereto are to be construed in favor of the beneficiaries entitled to support (*Grant* v. *Sosebee,* 169 *Ga.* 658, 151 S. E. 336), we are of the opinion that proceedings thereunder are to be construed in favor of the intended beneficiaries of the law. The rules of pleading applicable to ordinary actions are not to be strictly applied in reference thereto.

One other point needs to be noted; that is, the failure of the return of the appraisers to refer to the minor children. There was no attempt by the appraisers to expressly exclude the minor children from any interest in the property set apart, as was the case in *DeJarnette* v. *DeJarnette,* 176 *Ga.* 204 (167 S. E. 526). In *Allen* v. *Lindsey,* 113 *Ga.* 521 (38 S. E. 975), it was held: "When a widow applies for a year's support for the benefit of herself and her minor children, and appraisers designate certain property as that which they set apart for such year's support, the mere fact that the report itself purports to allow the property to the widow, without referring to the children, does not render the proceeding void or exclude the children from participation in the benefits of the year's support. On the contrary, the report should be con-

strued in the light of the application." See *Sizemore* v. *Willis*, 130 *Ga.* 666 (61 S. E. 536). While it is true that in the *Allen* case the application for year's support contained the names of the minor children, yet since we are of the opinion that the present application was as much in behalf of the minor children as if they had been named therein, the decision in principle is controlling. The judgment of the ordinary construed the application as in behalf of the minor children; and when the whole proceedings are taken together, it appears to us that the minor children took title jointly with their mother, with the right in her to control and use it in their behalf. The court did not err in so ruling, and in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*