36845. MILLER, Administrator *v.* MILLER.

TOWNSEND, J. 1. The bill of exceptions in this case assigns error on a judgment of the Superior Court of Cobb County sustaining a motion to dismiss an application for certiorari from the court of ordinary of that county. The writ issued from the superior court to the judge of the court of ordinary but no answer appears in the record, and it is stipulated by counsel that the reason is that Honorable John Dorsey, Ordinary, died between the time of service of the writ upon him and the time when answer should have been made. Since assignments of error and recitals of fact in a petition for certiorari not affirmatively verified by answer cannot be considered (*Shirling* v. *Kennon,* 119 *Ga.* 501 (2), 46 S. E. 630), it would be impossible for this court, as well as the superior court, to make any decision on the merits. However, in view of the contention of the plaintiff in error that all proceedings

in the court of ordinary were void for want of jurisdiction of the subject matter, the following may be stated:

(a) Cases such as *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (NS) 773), dealing with the necessity of urging an equitable claim to an estate in the superior court rather than the court of ordinary where it is claimed that there has been a virtual adoption have no relevancy to cases where a minor child makes application for a year's support from the estate of his alleged deceased father on the ground that he is a legitimate offspring of the deceased.

(b) Under Code § 74-101 a child is legitimate where, although born out of wedlock, the mother and reputed father subsequently marry and the father recognizes the child as his.

(c) Under a petition alleging such circumstances, the court of ordinary and not the superior court would properly take jurisdiction as to matters arising normally out of the administration of the estate of the deceased, including applications for year's support.

2. While, under Code § 19-502, where it appears that the judge of the inferior judicatory before whom the case was tried dies before answering the writ of certiorari, it is the duty of the judge of the superior court who granted the writ to order a new trial as a matter of right, this rule would apply only where the application for certiorari is itself in conformity with law and contains no fatal defect which would render it subject to dismissal.

3. Code § 19-201 provides in part as follows: "When either party in any cause in any court of ordinary shall take exceptions to any proceeding or decision in any cause, affecting the real merits of such cause, the party making the same shall offer such exceptions in writing, which shall be signed by himself or his attorney, and if the same shall be overruled by the court, such party may petition the judge of the superior court for a writ of certiorari, in which petition he shall plainly, fully and distinctly set forth the errors complained of." In *Burdett* v. *Burdett*, 130 *Ga.* 514 (61 S. E. 121) it was held: "Exceptions in writing to the decision of the court of ordinary are necessary as a basis of a certiorari thereto; and where it appears that no such written exceptions were made, it was proper to dismiss the certiorari." Accordingly, unless the plaintiff here shows that he filed objections in writing to the final judgment of the ordinary, the certiorari is invalid and

subject to dismissal. It appears from the record that the ordinary did enter up a judgment in the case, but the plaintiff, instead of filing objections thereto as provided by statute, filed a motion to set aside the judgment based in part on alleged lack of jurisdiction of the court to entertain the proceeding. The court entertained the motion and thus reopened the case. The defendant filed various pleadings in response to the motion including a plea of estoppel, as to which no objection was offered. The court then entered another order reciting that it appears from the evidence before him that since B. R. Miller (who married the mother of the applicant shortly after his birth) on numerous occasions admitted paternity of the child, and even sought its custody in a divorce proceeding, and thereafter paid sums of money for its support while in the custody of the mother, that the plaintiff is estopped to deny the paternity "the court feeling that this was the prime question involved and that a decision on said plea of estoppel would amount to a, final determination of the cause," for which reason the plea of estoppel is sustained. No objections were filed to this judgment, which itself recites that it is the final judgment, and which is the only order excepted to in the petition for certiorari. Accordingly, the plaintiff failed to comply with the provisions of Code § 19-201 and the judge of the superior court did not err in sustaining the motion to dismiss the application for certiorari based on this ground.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 18, 1957—REHEARING DENIED OCTOBER 7, 1957.

*Joseph S. Crespi*, for plaintiff in error.
*Robert Carpenter, A. Tate Conyers*, contra.