39471.  GALE, Next Friend v. STEWART, Administrator.

DECIDED APRIL 17, 1962.

G. B. *Cowart*, for plaintiff in error.

*Lissner & Killian, Jack J. Lissner, Jr.*, contra.

HALL, Judge. The Georgia law without doubt permits, and in some cases requires, separate portions of the estate to be set aside as year's support to the widow and to children of the deceased. *Code Ann.* § 113-1002; *Code* § 113-1008; *Horn v. Truett*, 114 Ga. 995 (41 SE 498); *Phillips v. Atkinson*, 139 Ga. 740 (78 SE 116); *Jacobson v. Jacobson*, 107 Ga. 29 (32 SE 877). Accord *Miller v. Miller*, 105 Ga. 305, 312 (31 SE 186); *Jones v. Cooner*, 137 Ga. 681 (74 SE 51); *DeJarnette v. DeJarnette*, 176 Ga. 204, 209 (167 SE 526); *Miller v. Miller*, 96 Ga. App. 469, 470 (100 SE2d 594).

It is true that, when a widow makes application for the benefit of herself and her minor children, the year's support set aside inures to the benefit of the widow and children, and not the widow alone. *Ennis v. Ennis*, 207 Ga. 665, 673 (63 SE2d 887); *Farmers Bank of Tifton v. Williams*, 188 Ga. 789 (5 SE2d 195); *Miller v. Miller*, 105 Ga. 305, 312, supra.

"In order for minor children to take an interest in property set apart as a year's support, it should in some manner appear in the application that it is made in their behalf; and . . . . where it affirmatively appears that the application was made by the widow, and that the minor children were not referred to therein by name or otherwise, they take no interest in the property set apart." *Farmers Bank of Tifton v. Williams*, 188 Ga. 789, 792, supra.

The present record shows that printed forms were used for the widow's petition for year's support. It contained a prayer for "setting apart [year's support] to your petitioner and her

—————— minor children to wit: (name them)," followed by a space for filling in names. The name "James Bryan Canady" had been written in the space but was marked out, as were the printed words "and her——minor children." The words "and children," "and minor children," and "James Bryan Canady" were also marked out in the administrator's acknowledgment of service, the order appointing appraisers, the return of the appraisers, the citation, and the order making the return of the appraisers the judgment of the court. Though at several places in the printed forms the words "minor children" and "children" were not marked out, it appears from the face of the proceedings as a whole that it was intended that year's support be set aside for the widow alone and that this was actually done. We must therefore treat that allowance of year's support as not including any minor child as a beneficiary. *Farmers Bank of Tifton v. Williams,* 188 Ga. 789, 793, supra. The present plaintiff, then, took no beneficial interest in the property set aside to the widow. *Williams v. Rosette,* 177 Ga. 528, 530 (170 SE 373). Consequently he is not barred, on account of the allowance to the widow, from obtaining a year's support as a minor child of the deceased.

The trial court erred in overruling the demurrer to the caveat and sustaining the caveat as a matter of law.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*