40902. COLLINS v. COLLINS et al.

DECIDED OCTOBER 29, 1964.

*Sam Johnson, Richard D. Phillips,* for plaintiff in error.

*B. Daniel Dubberly, Jr.,* contra.

BELL, Presiding Judge. The plaintiff in error rests her appeal upon the sole ground that the judgment rendered an award to George N. Collins when there had been no application on his behalf requesting that appraisers be appointed to set apart a year's support for him and consequently there was no return of appraisers setting apart a year's support to him.

In the widow's application for a year's support, she prayed that the court appoint persons "to act as appraisers in setting apart to your petitioner and her *no* minor children . . . the sum necessary in their judgment for support and maintenance for the space of twelve months." This is the language of the petition, thus excluding the minor child George N. Collins. While the caveat prays for an award for George N. Collins, this is not a proper method of applying for a year's support pursuant to the provisions of *Code Ann.* § 113-1002. The Georgia law permits separate portions of the estate to be set aside as year's support to the widow and to children of the deceased, *Gale v. Stewart,* 105 Ga. App. 767 (125 SE2d 694), and having been excluded from the widow's application, George N. Collins' application necessarily would have had to be an independent proceeding and not by way of his caveat interposed in the proceeding initiated by her solely in her own behalf. Thus there is extant in the instant case no application for year's support on

behalf of the minor child. "One who is not mentioned in an application for a year's support, either by name or description, can take no beneficial interest in the result of the proceedings had thereunder." *Anderson v. Walker,* 114 Ga. 505 (2) (40 SE 705) ; *Williams v. Rosette,* 177 Ga. 528 (170 SE 373) ; see *Farmers Bank of Tifton v. Williams,* 188 Ga. 789 (5 SE2d 195). It was therefore error to render judgment making an award to the minor child.

However, it would otherwise have been error to ignore the minor child's right to a year's support and to deplete the estate so as to prevent the minor child from obtaining a subsequent award of "a sufficiency from the estate . . . to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate." *Code Ann.* § 113-1002. In *DeJarnette v. DeJarnette,* 176 Ga. 204, 209 (167 SE 526), it was held: "The question therefore arises, whether the appraisers can as a matter of law disregard. the rights of a minor. The law declares that the appraisers must take into consideration the solvency of the estate. They cannot disregard the rights of the widow. Neither can they disregard the rights of a minor child. To arbitrarily discriminate against the child or children, and set apart for the widow alone the entire net proceeds of an insolvent estate, and give the minor child no notice of such action, is so unreasonable and contrary to law as, in our opinion, to void such judgment." The judgment in the instant case recites that the property erroneously set apart as a year's support to the widow and minor child embraced all the estate, and presumably it did constitute all the decedent's estate. Obviously the appraisers' return had attempted to set apart to the widow the entire estate except the household furnishings of the deceased. Under those circumstances the return of the appraisers should have been disallowed.

The judgment of the superior court is reversed with direction to enter judgment consistent with the foregoing principles.

*Judgment reversed with direction. Jordan and Eberhardt, JJ., concur.*