BROOKS *v.* BROOKS *et al.*

No. 11920. NOVEMBER 12, 1937.

*P. K. Burns* and *John I. Kelley,* for plaintiffs in error.
*Roberts & Roberts,* contra.

GRICE, Justice. Mary Brooks, as administratrix of the estate of Savannah Brooks, filed in the court of ordinary of Walton County, in regular order, her annual return as administratrix, showing all properties coming into her hands, and all expenditures and disbursements. A. M. Brooks, and C. L. Gross as the guardian of Helen Gross, two of the heirs of the estate, immediately afterward filed citation for a settlement of the property in the hands of the administratrix, and objected to the annual return, alleging that certain certificates of time deposit were in the Loganville Banking Company, which should be administered. The administratrix answered, alleging that she had filed her return covering all the property which had been held by her as administratrix, that the estate did not have such certificates and had no such assets to administer, that the administratrix did not have any such certificates, and that the assets of said estate did not consist of such certificates. She denied that such certificates belonged to the estate. Upon a hearing the court of ordinary held that the certificates belonged to the estate of Savannah Brooks, and awarded judgment covering the

certificates in division of the estate. The administratrix appealed to the superior court, where a verdict was returned to the effect that the certificates in question were part of the decedent's estate, and not the personal property of Mary Brooks, the administratrix. Judgment refusing a new trial was affirmed by the Court of Appeals. 54 *Ga. App.* 276.

The aforementioned litigation, beginning in the court of ordinary and ending in the Court of Appeals, embraced the ascertainment of what property constituted the estate of the decedent, an accounting of the administratrix, a division of the estate among the distributees according to their respective interests, the payments made to them by the administratrix, and a finding and judgment against her in favor of the several distributees for the difference between the amounts received by them and the amounts awarded under the settlement as to the accounts of the administratrix. After the judgment of the Court of Appeals was made the judgment of the superior court, which adjudged that certain certificates of deposit were the property of the estate of the decedent, and that A. M. Brooks and C. L. Gross, guardian, have judgment in stated sums respectively against Mary Brooks, administratrix, A. M. Brooks and C. L. Gross as guardian filed their equitable petition, setting forth the history of the former litigation, and alleging that demand had been made upon Mary Brooks for payment of the judgments so obtained, which had been refused; that Mary Brooks had been removed as administratrix by the ordinary; that the Loganville Banking Company, against which the certificates of time deposit were issued, owned a farm of 1200 acres, which, under agreement with other holders of time certificates, was being managed by J. R. Tuck, one of the sureties on the bond of the late administratrix; and that arbitrary salaries were being paid to Tuck and Mary Brooks for the management of this farm. The petitioners prayed for the appointment of a receiver to take over and preserve the assets of every kind of the Loganville Banking Company; that petitioners' interests therein be fixed and determined; that all assets be sold and distributed; and for other relief. By agreement of the parties the court appointed Mary Brooks as receiver of the assets of Loganville Banking Company, and also of the estate of the decedent. Upon the hearing the court would not allow any evidence to be in-

troduced by Mary Brooks, on the ground that she was bound by the former decision heretofore referred to. To this refusal Mary Brooks excepted.

Was the judgment on the citation for settlement res judicata? The contention is that it was not, because as to the item involved it was a judgment which determined the title, and that the court of ordinary had no jurisdiction to settle an issue as to title. The court of ordinary is a court of general jurisdiction with respect to particular matters; but it is not so in the sense of having jurisdiction over every possible question or issue. It is well recognized that where that court is without jurisdiction to deal with a particular subject-matter, or to make a decision in regard to it, an effort to do so is ineffectual; and this is true whether want of jurisdiction of the subject-matter is urged before that court or not. *Craddock* v. *Kelly,* 129 *Ga.* 818, 825 (60 S. E. 193); *Dix* v. *Dix,* 132 *Ga.* 630, 634 (64 S. E. 790). The proceeding before the ordinary was under the Code, § 113-2201. That section expressly authorizes any distributee to cite the administrator to appear before the ordinary for a settlement of his accounts. The next section expressly declares that upon proof of such citation by a distributee, "the ordinary may proceed to make an account, hear evidence upon any contested question, and settle finally between the distributee and administrator." In *Brantley* v. *Greer,* 71 *Ga.* 1, Hall, J., referring to the proceeding before the ordinary under the Code (now §§ 113-2201, 113-2202), observed that "it would seem that this proceeding is a substitute for a bill to account and settle in equity, as that court has, by express enactment, concurrent jurisdiction for the purpose." The plaintiffs in error rely on certain language used by Cobb, J., in *Durham* v. *Durham,* 107 *Ga.* 285, 287 (33 S. E. 76). He said: "Neither the ordinary nor the court of ordinary has, under the law of this State, jurisdiction to try cases involving the title to property either real or personal, or to decide questions arising between the representatives of estates of decedents and persons who may be indebted to the same." Those words must be considered in the light of the facts of that case. The appraisers set apart certain personalty, a rent account, and an undivided interest in land. The caveator contended that the decedent had not owned the personalty, that the account was not owed, and that the decedent had no title to

the land. The applicant took the position that the caveat was in effect a claim to the property, and that it raised an issue which the ordinary could not decide. This position was upheld. In the case at bar there was no claim by outsiders, but the matter in question was a difference between the administratrix and distributees as to whether the time certificates of deposit were to be administered; the question arose in a citation for settlement; and the administratrix, instead of claiming the right to administer the certificates, was insisting that they were no part of the estate, and that she as administratrix had nothing to do with them. In *Dix* v. *Dix,* supra, it was again ruled that a court of ordinary has no jurisdiction to try and determine conflicting claims of ownership of property arising between a widow applying for a year's support and a person asserting title adversely to the estate of the deceased husband. In *Lyons* v. *Armstrong,* 142 *Ga.* 257 (82 S. E. 651), in a citation for settlement before the ordinary, a third person was made a party, and he filed an answer in which he set up a claim to property in the hands of the administrator. He did not claim as legatee or distributee, but claimed adversely to the estate. The action of the superior court on appeal, in striking his answer, was by the Supreme Court affirmed. Evans, P. J., said: "The proceeding before the court was an appeal from the judgment of the court of ordinary, rendered in a citation by the assignee of a residuary legatee against the administrator de bonis non, with the will annexed, to require a settlement of assets of the estate in his hands. The only issues, under the statute, which the ordinary can decide are those which grow out of a settlement of the administrator's account. Civil Code (1910), § 4073; *Cook* v. *Weaver,* 77 *Ga.* 9 (2). An adverse claimant to property in the hands of the administrator has no standing in that proceeding to have his claim adjudicated. The only issues involved are those which grow out of the settlement between the administrator and the distributees; and as William McAuliff, in his answer, did not claim to be entitled under the will of Johanna McAuliff to any of the funds arising from the sale of the bank stock in the hands of the administrator, his answer was properly stricken by the court."

Our Code, § 113-2202, which with § 113-2201, has to do with citations for settlement, provides that the ordinary may "hear evi-

dence upon any contested question, and settle finally between the distributees and administrator." We think this means that in the hearing of such citation it is within the power of the court of ordinary to decide any presented question which it is necessary for the court to decide in order to determine whether the administrator has discharged all his duties with respect to the assets of the estate, and consequently how his account should be settled with the distributees. If the administratrix contended that it was not her duty to administer some certificates of deposit, for the reason that her decedent had given them away during her life, and therefore that they were no part of the estate, whereas certain of the distributees contended to the contrary, it would be the duty of the court of ordinary to decide the question thus submitted, under authority of the Code sections above cited. Else how could the administrator "make account," as required to do? We are of the opinion that the question as to the ownership of the certificates of deposit was res judicata, and was conclusive upon the administratrix. *Judgment affirmed. All the Justices concur.*