## 56280. MORGAN GUARANTY TRUST COMPANY OF NEW YORK v. ATLANTA NATIONAL REAL ESTATE TRUST.

SMITH, Judge.

Morgan Guaranty Trust Co. (Morgan) was a short-term lender for a construction project in South Carolina, and Atlanta National Real Estate Trust (ANRET) was the anticipated long-term lender. Morgan brought this suit in contract, alleging ANRET breached its promise to purchase the short-term loans from Morgan. ANRET moved for summary judgment, claiming a certain condition precedent to ANRET's obligation had not been fulfilled and therefore ANRET had no obligation to purchase the loans. The motion was granted, but we find that the particular proviso ANRET relies upon was not in fact a condition precedent; thus, summary judgment on the ground urged was not proper.

The contractual obligations here are contained collectively in several agreements, loan commitments, and amended agreements and commitments. Under both a Buy and Sell Agreement of June 11, 1974, and an Amended Buy and Sell Agreement of October 3, 1974, one condition to ANRET's obligation to purchase the short-term loan is that the loan must be secured with a mortgage, on the subject property, "which shall constitute

a valid first lien on a good and marketable title in fee simple on approximately 416 acres, including a completed 18-hole golf course, *116 fully-developed residential lots* and 14 acres currently zoned for condominium construction . . ." (Emphasis supplied.) When the date arrived for ANRET to purchase the loan, the 116 residential lots were not yet fully developed. ANRET contends that the above-emphasized language stated a condition precedent to ANRET's obligation, failure of which excused ANRET's performance. Morgan, on the other hand, contends that the above language was merely descriptive of the true requirement, a specific mortgage document, without imposing a construction requirement.

An overall view of the multiple, successive contractual documents mandates a conclusion that Morgan's view is the correct one. "While evidence is inadmissible to add to, take from, or vary a written contract, all the attendant circumstances may be proved; and if there is an ambiguity, latent or patent, it may be explained." *Tolbert v. Short,* 150 Ga. 413, 419 (104 SE 245) (1920); Code § 20-704.1. "The intention of the parties is determined from a consideration of the entire contract; and, if possible, all of its provisions should be so interpreted as to harmonize with each other." *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 674 (34 SE2d 839) (1945). To look at the entire contract here, one must look at the several documents which together constituted the entire agreement between these parties.

At one time, prior to the execution of amendments which extended the time for ANRET's performance, the following agreements existed simultaneously: (a) funds were to be provided for the development of 116 residential lots; (b) construction would begin within 30 days and last up to twelve months; (c) ANRET would purchase the loan within five months; and (d) ANRET would require a mortgage including, among other things, a first lien on 116 fully-developed residential lots. If (d) is viewed as a construction requirement, then the agreements conflict insofar as they require completion within five months of an act contemplated to last up to twelve months. There is no conflict if (d) is viewed only as a specification that ANRET should receive a mortgage on not only the

property, but also on the improvements thereon. The apparent conflict is even more clearly resolved by looking to circumstances, outside the contract itself, which show clearly that the parties did not contemplate prior, full development of the lots to be a condition precedent to ANRET's obligation to purchase the loans. We conclude, therefore, that ANRET was not entitled to summary judgment on the ground urged.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED JANUARY 25, 1979 — REHEARING DENIED FEBRUARY 22, 1979 —

*King & Spalding, Charles H. Kirbo, Walter Driver, Jr., Joseph R. Bankoff,* for appellant.

*Alston, Miller & Gaines, Orinda D. Evans, Peter M. Degnan, Sidney Smith,* for appellee.