**Claude H. HUDSON, Jr. and Mildred Roberts**

v.

**Robert F. ABERCROMBIE.**

**No. C87–1322 A (CAM).**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 14, 1987.

George Michael Hartley, Hartley Rowe & Fowler Douglasville, Ga., for plaintiffs.

Robert D. Feagin, III and Nancy Elizabeth Gordon, Gambrell Clarke Anderson & Stolz, Atlanta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

The above-styled action is before this Court pursuant to this Court's order of September 10, 1987. Currently pending are defendant's motion to dismiss or in the alternative for summary judgment, and defendant's motion to strike plaintiff's response to defendant's statement of undisputed facts.

### I. SUMMARY

Defendant's motion to strike is DENIED.

Defendant argues in support of his motion to dismiss that this Court lacks subject matter jurisdiction of this action, and that this Court should abstain from hearing this action. For the reasons stated herein, the defendant's motion to dismiss is DENIED. The parties are DIRECTED to brief the propriety of a preliminary injunction.

### II. FACTS

#### A. *Probate Proceedings*

Defendant Robert F. Abercrombie has been Probate Judge of Douglas County for approximately twenty-eight years. During

that time he became a confidential advisory to an octagenerian widow, Mrs. E.C. Russell. Judge Abercrombie prepared two new wills for Mrs. Russell, leaving increasingly greater portions of her estate to Judge Abercrombie and his family. In addition, Judge Abercrombie's name was placed on certain accounts and a safety deposit box of Mrs. Russell.

Mrs. Russell died in November of 1983. At that time, Judge Abercrombie proceeded to probate the second new will. Judge Abercrombie appointed his wife as executrix of Mrs. Russell's estate. One of the plaintiffs herein filed a caveat to the second new will. At that time the parties agreed that due to Judge Abercrombie's patently obvious conflicts, the matter should be transferred to Judge James of the Superior Court of Douglas County. Plaintiffs point out that Judge James is a relative of Judge Abercrombie's wife.

Judge James granted Mrs. Abercrombie's motion for summary judgment as to the validity of the second new will. The Supreme Court of Georgia reversed and remanded for a jury trial. The jury returned a verdict of "no will" due to undue influence exerted by Judge Abercrombie on the decedent. Mrs. Abercrombie has moved for a new trial. Said motion for a new trial has been pending before Judge James for approximately one year.

### B. *Federal Proceedings*

Plaintiffs herein have brought this diversity action, as the heirs-at-law of Mrs. Russell, against Judge Abercrombie for conversion of certain accounts allegedly belonging to Mrs. Russell's estate. After the hearing from the parties, the Court entered a temporary restraining order against Judge Abercrombie in his personal capacity enjoining him from spending or otherwise making use of the contested funds.

### III. PROBATE EXCEPTION TO DIVERSITY JURISDICTION

Judge Abercrombie has moved to dismiss this action on the ground that this Court is without jurisdiction to hear this matter. The probate exception on which Judge Abercrombie relies in support of his motion to dismiss has been described as "one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982).

The probate exception can be viewed as two separate rules. *Rice v. Rice Foundation*, 610 F.2d 471, 475 (7th Cir. 1979). First, the federal courts do not have subject matter jurisdiction over matters which are purely probate in character. *See e.g., Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Ellis v. Davis*, 109 U.S. 485, 3 S.Ct. 327, 27 L.Ed. 1006 (1883). Second, the federal courts should not interfere with state probate court proceedings. *See Markham, supra; Waterman v. Canal–Louisiana Bank Co.*, 215 U.S. 33, 43–45, 30 S.Ct. 10, 12–13, 54 L.Ed. 80 (1909).

The first aspect of the probate exception, that "a Federal court has no jurisdiction to probate a will or administer an estate" *Markham*, 326 U.S. at 494, 66 S.Ct. at 298, results from judicial construction of the Judiciary Act of 1789. *See Waterman*, 215 U.S. at 43, 30 S.Ct. at 12; *In re Broderick's Will*, 88 U.S. (21 Wall) 503, 22 L.Ed. 599 (1875). Under the Supreme Court's construction of the Judiciary Act of 1789, federal jurisdiction is limited to that of the English High Courts of Chancery and common law courts in 1789. Since at that time the probate of a will or administration of an estate ("pure probate matters") was within the exclusive jurisdiction of the English ecclesiastical courts, the Supreme Court concluded that such matters are outside the jurisdiction of the federal courts. A review of plaintiffs' complaint reveals that this action does not involve pure probate matters. Accordingly, the first aspect of the probate exception is not applicable.

The second aspect of the probate exception, whether resolution of the federal suit would necessarily interfere with the jurisdiction of the probate court, is apparently intended to insulate the federal courts from indirectly hearing pure probate matters. *See Waterman, supra.*

The plaintiffs' conversion claims do not appear to fall within the jurisdiction of Georgia's probate courts. However, the substance of the disagreement between plaintiffs and Judge Abercrombie, whether title to certain contested accounts belongs to Mrs. Russell's estate or Judge Abercrombie, can be addressed by the probate court. *See Brooks v. Brooks*, 184 Ga. 872, 193 S.E. 893 (1937) (outlining an exception to the general rule that probate court lacks jurisdiction to determine title to contested property). Assuming that the substance of the conflict between the parties can be addressed in the pending probate proceedings, the Court is still of the opinion that it has jurisdiction to entertain this suit.

The Supreme Court in *Waterman, supra*, made it clear that this Court, as a court of equity, can fashion the relief granted so that the relief would be within this Court's jurisdiction and would not interfere with the jurisdiction of the probate court. *Waterman*, 215 U.S. at 45–47, 30 S.Ct. at 13–14. The Court believes it would be within its equitable powers to issue a narrow injunction against Judge Abercrombie *in personam* without infringing on the jurisdiction of the probate court. Accordingly, the Court believes that it has subject matter jurisdiction over this action.

## IV. ABSTENTION

■ Judge Abercrombie argues that under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), this Court must abstain from hearing this action in order to conserve federal judicial resources. The Court does not agree.

The Court reads the *Colorado River* case as being concerned with conservation of all judicial resources, not just federal judicial resources. *Id.* at 817, 96 S.Ct. at 1246. In addition, the court does not believe the abstention doctrine relied on by Judge Abercrombie is mandatory. The *Colorado River* decision was concerned with those exceptional circumstances which permit a federal court to abstain based on considerations of wise judicial administration due to concurrent jurisdiction in a state court.

The *Colorado River* court provided some examples of circumstances that should be considered by federal courts in deciding whether to abstain. Those circumstances include: (1) the order in which jurisdiction was obtained by the concurrent forums; (2) the inconvenience of the federal forum; (3) avoidance of piecemeal litigation, and (4) the obligation of federal courts to exercise their jurisdiction. The Supreme Court cautioned that "[o]nly the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247.

Depending on how plaintiffs' claims are viewed, the superior court, acting as a probate court, may or may not have jurisdiction over said claims. The superior court appears to have jurisdiction, in conjunction with a determination of whether Mrs. Abercrombie has failed to gather certain assets belonging to the estate, to decide whether title is in Judge Abercrombie or the estate. On the other hand, the probate court does not appear to have jurisdiction to hear a conversion claim. Assuming the superior court has jurisdiction to resolve the substance of the dispute between the parties in this action, the state court clearly obtained jurisdiction first.

This Court believes that there is little, if any, difference between the convenience of this federal forum and the state forum in Douglas County, Georgia.

Weighing against abstention in this action are two very important federal policies. First, it is incumbent on federal courts to exercise their jurisdiction in cases coming before them. Second, the policy behind federal diversity jurisdiction, avoiding conscious or subconscious partiality on the part of state tribunals in suits between out-of-state and local litigants, weighs against abstention in this case. On the whole, the Court believes that defendants have not presented "the clearest of justifications" for abstention. Accordingly, the Court DECLINES to abstain from exercising its jurisdiction.

## V. CONCLUSION

Defendant's motion to strike is DENIED.

Defendant's motion to dismiss or in the alternative for summary judgment is DENIED.

It is the Court's intention to fashion any relief granted in this action so as to not encroach on the jurisdiction of the Superior Court of Douglas County. In addition, the Court intends to fashion any relief granted so as to limit the unnecessary expenditure of judicial resources.

The parties are DIRECTED to brief and submit supporting affidavits showing whether the factors for issuance of a preliminary injunction have been established in this case. *See e.g., Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974). Said briefs and supporting affidavits SHALL be filed within TWENTY (20) DAYS of the date this order is filed. Courtesy copies shall be delivered to the chambers of this Court at that time.

The clerk of the court should submit this case at that time. The clerk of the court is advised that this court will retain possession of the file in this action.

The parties are advised that if a preliminary injunction against Judge Abercrombie is deemed proper, the Court will determine whether this action should be stayed pending resolution of the pending state probate proceedings.