## A07A0481. In re ESTATE OF WALLACE.
(645 SE2d 19)

BLACKBURN, Presiding Judge.

In this declaratory judgment action, three grandchildren of Alice Eugenia Wallace, deceased, appeal the denial of their summary judgment motion and the grant of declaratory judgment to Barbara Wallace Jackson-Duckworth, Alice's daughter and the executor of Alice's estate. The grandchildren contend that the trial court erred in that (1) the petition for declaratory judgment did not raise a justiciable issue, (2) a 1951 order of a year's support awarded a certain portion of Alice's husband's estate to Alice and her minor children jointly, and (3) Alice admitted in judicio that the year's support was awarded jointly to herself and her minor children. For the reasons that follow, we affirm and remand.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that in 1951, Alice's husband died, and she petitioned the ordinary of Fulton County for an award of a year's support to be set aside from her husband's estate to benefit her and her minor children. The ordinary appointed three appraisers who investigated the circumstances and set aside a portion of the estate for the year's support award, which was published without objection and subsequently signed by the ordinary. The appraisers' award read as follows, with the emphasized portion typed into an otherwise standard form:

[W]e set apart and assign for the support and maintenance of *Alice Eugenia Wallace* widow and said child*ren*, for twelve months from the date of this administration,

*All of the household effects, and furnishings, personal effects, clothing, jewelry, and such articles belonging to [husband] in his lifetime.*

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

*We further set apart to Alice Eugenia Wallace, widow of [husband], deceased, all of the assets and property of the business known as Southeastern Transfer and Storage Company, operated as a proprietorship by the [husband] in his lifetime, said assets including, but not limited to, the following [list of trucks, trailers, and various equipment of the company].*

(Emphasis supplied.)

After the year's support award was made in 1951, Alice incorporated the company in 1954, exchanging the company assets in the award for stock. Alice continued to run the company until 1994, when she became too ill to be involved in the day-to-day operations. By 1999, Alice owned 214 shares of common stock and her son Walter (who had worked for the corporation) owned 46, with no other outstanding shares.

In 2003, in light of uncertainty over the proper title to the shares of the corporation, a settlement agreement was drafted, which purported to distribute the voting shares to Walter, a life estate in most of the nonvoting shares to Alice, and the remaining interest in Alice's shares to her children upon her death.

After Alice's death in July 2005, Barbara, the executor of Alice's estate, filed a declaratory judgment action seeking judicial determination of the title to the shares of the company. Walter's children (Alice's grandchildren) opposed the petition and filed a motion for summary judgment contending that no justiciable issue existed because of the settlement agreement. (Walter, Alice's son, died before Alice; Alice was survived by five remaining children.) After a hearing, the trial court denied summary judgment and granted Barbara's petition for declaratory judgment, finding that the original 1951 award of the company's assets went to Alice and was not awarded jointly to Alice and her children. The grandchildren now appeal.

1. The grandchildren contend that the trial court should have granted their motion for summary judgment because (a) there was no controversy or uncertainty as to the assets in Alice's estate, and (b) the 2003 settlement agreement resolved the question of title to the company. We disagree.

(a) With respect to whether the declaratory judgment petition presents a justiciable controversy, OCGA § 9-4-4 (a) (3) states as follows: "any person interested as or through an executor . . . in the administration of a trust or of the estate of a decedent . . . may have a declaration of rights or legal relations in respect thereto and a declaratory judgment . . . [t]o determine any question arising in the administration of the estate."

Barbara's petition sought judicial clarification as to the ownership of the Southeastern Transfer and Storage Company, based on a legitimate question as to the interpretation of the 1951 year's support award. The ultimate resolution of that issue bears directly on what assets are in the estate administered by Barbara. Therefore, the petition identified a justiciable issue under OCGA § 9-4-4. See *Ga. Money Corp. v. Rissman.*[2]

(b) With respect to the settlement agreement, Barbara's verified petition alleges facts that call into question whether the terms of the settlement agreement were finalized and agreed to by all relevant parties. For example, the petition alleges that Alice and the children discussed a draft settlement agreement, but that the settlement agreement relied upon by the grandchildren was a final version which was never signed by Alice. Thus, viewed in the light most favorable to Barbara, the verified petition created an issue of fact, and, in light of this issue, the trial court was correct to deny summary judgment. See *Matjoulis v. Integon Gen. Ins. Corp.*, supra, 226 Ga. App. at 459 (1); OCGA § 9-11-56 (c).

2. Despite the existence of the factual issue, the trial court's order focused not on the settlement agreement, but on the legal question of the effect of the 1951 year's support award. In so doing, the trial court ruled that the award was made in two parts, one to Alice and her minor children jointly ("All of the household effects, and furnishings, personal effects, clothing, jewelry, and such articles belonging to [husband] in his lifetime"), and a second to Alice alone (the assets of the trucking business). The grandchildren now contend that the entire year's support award was made to Alice and her minor children jointly. We disagree.

Relying on *Farmers Bank of Tifton v. Williams*,[3] the grandchildren argue that because the year's support application was made for the benefit of both Alice and the minor children, the entire award should benefit them jointly. In *Farmers Bank*, the Supreme Court of Georgia explained that where an application for a year's support did not name the minor children, but still included references to the widow's "minor children," the award could not exclude the minor children.

Here, the ordinary's order did mention Alice's minor children, but split up the assets in the award and assigned them in two parts, the first "for the support and maintenance of Alice Eugenia Wallace widow and said children," and the second, "further set apart to Alice

---

[2] *Ga. Money Corp. v. Rissman*, 220 Ga. 476, 478 (139 SE2d 486) (1964).

[3] *Farmers Bank of Tifton v. Williams*, 188 Ga. 789, 792 (5 SE2d 195) (1939).

Eugenia Wallace." Applicable statutory law contemplated that different portions of an estate could be divided and awarded to the widow separate from the minor children. See Ga. L. 1937, p. 861, § 1; *Gale v. Stewart*[4] ("Georgia law without doubt permits . . . separate portions of the estate to be set aside as year's support to the widow and to the children of the deceased"). The award here did not exclude the minor children, and, in fact, specifically included them in a portion of the award. Therefore, consistent with applicable law, the award merely assigned a portion of the estate to Alice and her minor children jointly and an additional portion to Alice alone. Accordingly, based on the language in the ordinary's order, the trial court correctly ruled that the assets of the trucking company were awarded to Alice alone.

3. The grandchildren also contend that the final return filed by Alice, which characterized the award as "for the support of herself and minor children," was an admission in judicio preventing Barbara from seeking further clarification in the declaratory judgment action. We disagree.

In her final return, Alice stated that "said estate was set aside to her on May 4th, 1951, for the support of herself and minor children by order of [the Fulton Court of Ordinary]." The grandchildren interpret this as a statement in judicio binding on Alice. However, this misinterprets both the statement in the final return and its effect here. The statement, that the award was "for the support of herself and minor children" is entirely consistent with the award from the estate made to Alice and the minor children jointly and the separate award to Alice alone. Furthermore, the evidentiary value here, if any, of an admission by Alice could not change the legal meaning of the award ordered by the ordinary. See *Mountain Bound v. Alliant FoodService*.[5] Accordingly, this enumeration is without merit.

In light of our rulings in each division, we affirm the trial court's denial of the grandchildren's motion for summary judgment and affirm the trial court's interpretation of the 1951 award. As the trial court did not rule on the ultimate effect of the purported settlement agreement, we remand to the trial court for further proceedings in accordance with this opinion.

*Judgment affirmed and case remanded with direction. Ruffin and Bernes, JJ., concur.*

---

[4] *Gale v. Stewart*, 105 Ga. App. 767, 768 (125 SE2d 694) (1962).
[5] *Mountain Bound v. Alliant FoodService*, 242 Ga. App. 557, 558 (2) (530 SE2d 272) (2000).

DECIDED MARCH 20, 2007 —
RECONSIDERATION DENIED APRIL 4, 2007 —

*C. Fred Reeves*, for appellant.

*Jack S. Jennings, W. Allen Separk, Bridget W. Christian*, for appellee.