A10A2004. IN RE ESTATE OF ROBERT E. LONG.
(706 SE2d 704)

MIKELL, Judge.

Audrey Long ("Audrey"), caveator and beneficiary under the will of her late father, Robert E. Long ("the decedent"), appeals the probate court's order settling his estate. We affirm the judgment but remand the case for proceedings consistent with this opinion. The relevant facts follow.

The decedent died testate in 2004. In his will, the decedent's three children, Robert J. Long ("Robert"), Grace Cristo, and Audrey, were each given thirty percent of his estate, and his ex-wife, Gladys Long ("Gladys"), was given ten percent. Robert was named as the executor, and he was appointed in 2005. Asserting that Robert was not timely fulfilling his duties, Audrey petitioned the probate court for an accounting. Following a hearing, the court appointed Gregory W. Hammonds, a C. P. A., as estate accountant, authorizing him "to follow all inquiries relevant to estate assets." The court ordered Robert to provide documents to Hammonds, but Robert failed to do so. Audrey then filed a petition to revoke Robert's letters testamentary, alleging that he wasted and mismanaged assets of the estate. A consent order was entered in April 2006 permitting Robert to resign as executor and appointing Hammonds as administrator C. T. A.[1]

Hammonds identified $42,655.26 in questionable expenditures made by Robert, including $25,000 that he transferred to his wife, Dawn Long, from the decedent's personal account on the date of his death. After consulting an attorney, Hammonds declined to pursue a

---

[1] Cum testamento annexo, or administration "with the will annexed." Black's Law Dictionary, p. 380 (6th ed.). See OCGA § 53-7-3: "An administrator with the will annexed shall have all rights, powers, privileges, exemptions, and immunities of the executor, including the dispensation by the testator of the necessity of making inventory and returns."

total of $30,967.48 in claims against Robert. Audrey petitioned the court to order Hammonds to assign the claims to her pursuant to OCGA § 53-7-45.[2]

Hammonds then petitioned the probate court for a final settlement of accounts pursuant to OCGA § 53-7-62.[3] The petition stated that the sole remaining asset in the estate was $59,609.42 in cash, and Hammonds sought permission to distribute the funds to the beneficiaries, less a $5,000 reserve for expenses. Hammonds also requested that the court determine whether any of the disputed claims against Robert should be assigned to one or more of the beneficiaries; that Robert be ordered to account to the estate in the amount of $13,057.11; and that Audrey and Gladys be required to account for less than $700 each. Finally, Hammonds sought discharge as administrator. Audrey filed an objection, alleging that Hammonds had failed to discharge his duties by failing to pursue Robert to recover for the estate the $25,000 death-bed transfer, proceeds from the decedent's retirement account, and sums charged on the decedent's credit cards.

A hearing was held at which Hammonds, his attorney, Audrey, Gladys, and Robert's former counsel testified. Based on the evidence adduced at the hearing, the probate court found that Hammonds properly fulfilled his fiduciary duties to the estate; that it was not in the estate's best interest to pursue the claim regarding the death-bed gift; that assignment of the claim passed to the residual beneficiaries under the decedent's will; and that the disputed retirement funds were not part of the estate because Robert was the designated beneficiary on the decedent's retirement account. The court authorized Hammonds to pay attorney and administrative fees and granted him a discharge from office. Audrey challenges the court's rulings.

1. In her first enumeration of error, Audrey argues that the probate court should have ordered Hammonds to pay interest on sums held in the estate's checking account.[4] As Audrey did not raise

---

[2] OCGA § 53-7-45 authorizes a personal representative who declines to litigate any claim to assign the claim to "a beneficiary of a testate estate for the purpose of prosecuting the claim at that person's own expense."

[3] OCGA § 53-7-62 (a) provides, in pertinent part:

Any person interested as an heir or beneficiary of an estate or the probate court may, after the expiration of six months from the granting of letters, cite the personal representative to appear before the probate court for a settlement of accounts. Alternatively, . . . the personal representative may cite all the heirs or beneficiaries . . . to be present at the settlement of the personal representative's accounts by the court. The settlement shall be conclusive upon the personal representative and upon all the heirs or beneficiaries. . . .

[4] See OCGA § 53-7-64, delineating the personal representative's duty to account for income on property administered.

this claim in the probate court, she has failed to preserve it for appellate review.

> [O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.[5]

Audrey did not assert a claim for interest either in her objection to Hammonds's petition for a final settlement of accounts or during the hearing held thereon. Therefore, this issue is waived.

2. Audrey challenges the probate court's factual findings concerning the death-bed gift and the retirement funds. She also alleges that the court erred in failing to order that the death-bed gift claim be assigned to her and that the court lacked jurisdiction to determine the merits of the retirement funds dispute. We reject these assertions.

On appellate review, we will not set aside the probate court's factual findings unless they are clearly erroneous, deferring to the court's opportunity to judge the credibility of the witnesses.[6] The clearly erroneous test is the same as the "any evidence" rule.[7] Thus, where the probate court's findings of fact are supported by any evidence, they will be upheld on appeal.[8]

(a) *The death-bed gift.* The probate court found as a fact that it was not in the estate's best interest to pursue the claim regarding the $25,000 death-bed gift to Robert's wife. There is evidence to support this finding. Hammonds testified at the hearing on the petition to settle the estate that the costs of litigating the claim would be prohibitive and that the likelihood of collecting the sum from Robert was doubtful.

After entering the finding of fact at issue, the probate court ruled that assignment of the claim passed to the residual beneficiaries under the decedent's will, and that pursuant to OCGA § 53-7-45,

---

[5] (Punctuation and footnotes omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). See also *Old Stone Co. I, LLC v. Hughes*, 284 Ga. 259, 261 (2) (663 SE2d 687) (2008) ("A litigant is required to stand his ground and fight in order to successfully enumerate as error an alleged erroneous ruling by the trial judge") (citation and punctuation omitted).

[6] *Tanksley v. Parker*, 278 Ga. 877-878 (1) (608 SE2d 596) (2005).

[7] *Fowler v. Cox*, 264 Ga. App. 880, 882 (592 SE2d 510) (2003).

[8] *Glaze v. Lemaster*, 279 Ga. 361, 362 (2) (613 SE2d 617) (2005).

the prosecution of the claim would be at the beneficiary's expense. Audrey complains that the court should have granted her petition to order Hammonds to assign the claim to her. No authority cited by Audrey supports this proposition.[9] Moreover, we interpret the court's ruling as assigning the claim to the beneficiaries, including Audrey, who may pursue it at her own expense. This ruling comports with OCGA § 53-7-45, and the court had the authority to enter it. Probate courts have "original, exclusive, and general jurisdiction" over the probate of wills and "[a]ll other matters and things as appertain or relate to estates of deceased persons."[10] The probate court did not err in its ruling regarding the death-bed gift.

(b) *The retirement funds.* At the hearing, Hammonds introduced into evidence a notice issued by The Kroger Company on March 11, 1999, stating that the decedent had named Robert as beneficiary of an annual retirement income of $15,722.42, to be paid until the expiration of 15 years from the date of the decedent's retirement, and had designated Robert to receive a $5,000 death benefit. The designation of Robert as beneficiary conflicts with the will, which directs that monthly retirement checks be used to pay maintenance and repairs on property occupied by Gladys for 18 months, and that future retirement checks be distributed after the property is sold. Hammonds testified that he concluded that the retirement funds were not an estate asset so he did not attempt to collect them from Robert, despite Audrey's objection. The probate court found that the retirement funds belonged to Robert because he was named as beneficiary, and, therefore, that the funds did not pass into the estate. There is evidence, recounted above, and legal authority to support this ruling.[11]

Audrey complains that the court's order on this issue is confusing because in its conclusions of law, the court first stated that she had the right to request assignment of claims, including one for the retirement funds. But the court followed this conclusion with a

---

[9] See, e.g., *Cornelison v. Sansom*, 175 Ga. 467, 470 (165 SE 264) (1932) (duty of administrator to recover estate funds held by another).

[10] OCGA § 15-9-30 (a) (1), (10). Accord *Benefield v. Martin*, 276 Ga. App. 130 (622 SE2d 469) (2005).

[11] See, e.g., *Kirksey v. Teachers' Retirement System of Ga.*, 250 Ga. 884, 886 (3) (302 SE2d 101) (1983) (survivor's benefits under the state teachers' retirement system made payable to designated beneficiary did not constitute part of decedent's estate). See Radford, Redfearn's Wills & Administration in Georgia (7th ed.), § 2:4 D, p. 35. According to this treatise,

> Employer retirement plans typically provide a mechanism by which any remaining retirement benefits are to be paid out upon the death of the retiree to a beneficiary named by the retiree. . . . If the retiree has not named a beneficiary, the payments will typically be made to the retiree's estate. It is only if the benefits are payable to the retiree's estate that they become probate assets.

(Footnotes omitted.)

finding that the funds were not assets of the estate, and we interpret the order as declining to assign this claim to her.

Audrey further argues that the court lacked jurisdiction to decide the merits of this claim, citing the rule that "probate courts do not have jurisdiction to adjudicate conflicting claims of title to real or personal property."[12] The rule upon which Audrey relies does not apply under the facts of this case. Where, as here, a probate court decides a petition for settlement of accounts, the court may "hear evidence upon any contested question, and make a final settlement between the personal representative and the heirs or beneficiaries."[13] Resolution of the issue of the retirement proceeds in the context of a petition for settlement of accounts under OCGA § 53-7-63 fell within the probate court's jurisdiction.[14]

Audrey also argued at the hearing that a constructive implied trust was established, and she contends on appeal that Robert was named to receive the benefit in trust for the purpose of distributing it in accordance with the testator's intent. The probate court was not the proper forum in which to assert this claim, however. "Trusts are peculiarly subjects of equity jurisdiction."[15] Equity jurisdiction lies in the superior court, not the probate court.[16] And the probate court did not err in failing to transfer this claim to the superior court. Pursuant to OCGA § 53-7-75, when a question concerning the construction of a will arises during the course of an accounting, the probate court is required to transfer the proceeding to the superior court for the determination of such question. This claim, however, involved a conflict between the will and a designation of beneficiary, and not the construction of the will itself. As such, the probate court had jurisdiction to decide it.

3. Audrey contends that the court erred in failing to order Robert to reimburse the estate for the amount that Hammonds showed was due. Hammonds asserts that the court should have entered a ruling on the amount of money each beneficiary owed to the estate. We agree that the case must be remanded for a ruling on

---

[12] (Citations omitted.) *In re Estate of Adamson*, 215 Ga. App. 613 (1) (451 SE2d 501) (1994).

[13] (Citation and punctuation omitted.) *Greenway v. Hamilton*, 280 Ga. 652, 653 (1) (631 SE2d 689) (2006) (OCGA § 53-7-63 empowered probate court to determine ownership of estate accounts), citing *Brooks v. Brooks*, 184 Ga. 872, 875-876 (193 SE 893) (1937); *Fowler*, supra at 883-884.

[14] See *Brooks*, supra at 875 (where the issue, which arose in a citation for settlement, was a dispute between the administratrix and distributees concerning whether certificates of deposit were to be administered, and the administratrix, insisting that they were not part of the estate, the probate court had the authority to decide the issue).

[15] OCGA § 53-12-6 (a).

[16] (Citations omitted.) *In re Longino*, 281 Ga. App. 599, 602 (3) (636 SE2d 683) (2006).

this issue.

OCGA §§ 53-7-62 and 53-7-63 empower the probate judge to make a final settlement of accounts between the personal representative of an estate and the beneficiaries. In his petition, Hammonds showed projected and net distributions to the estate, accounting for the amounts owed by the beneficiaries. Evidence was adduced on this issue at the hearing, yet the probate's order is silent thereon. A final settlement of accounts, as the order purports to be, must resolve all pending issues.[17] Accordingly, the case is remanded for the probate court to determine whether, and in what amount, any beneficiary owes funds to the estate, and to order such reimbursements, if the court finds it appropriate based on the evidence adduced at the hearing.

Within this enumeration of error, Audrey reiterates arguments previously made regarding the $25,000 death-bed gift and the retirement funds, and we will not revisit those issues here. Additionally, Audrey asserts that after permitting Robert to resign as executor, the probate court should have ordered Robert to reimburse the estate for attorney fees in the amount of $2,530.[18] Audrey cites the principle that "an executor cannot be reimbursed for costs and expenses of litigation caused by his own misconduct."[19] Hammonds testified, however, that the bills for attorney fees were for services rendered on behalf of settlement of the estate, and not for defending Robert on Audrey's motion to have him removed as executor. Accordingly, the trial court did not err in failing to order Robert to reimburse the estate for attorney fees.

4. We construe Audrey's fourth enumeration of error as contending that the probate court erred in ruling that Hammonds fulfilled his fiduciary duties as administrator of the estate. These duties are set out in OCGA § 53-7-1 (a):

> A personal representative is a fiduciary who, in addition to the specific duties imposed by law, is under a general duty to settle the estate as expeditiously and with as little sacrifice

---

[17] Cf. *Geeslin v. Sheftall*, 263 Ga. App. 827, 828 (589 SE2d 601) (2003) (where issues as to the settlement of the estate remain pending, and may require that beneficiaries return assets or pay money to the estate, no settlement of accounts is possible).

[18] Audrey also argues that the probate court should have ordered Robert to reimburse the estate for travel expenses, but she fails to cite the correct Code section, OCGA § 53-6-61, which provides: "Personal representatives shall be allowed reasonable expenses incurred in the administration of the estate, including without limitation expenses for travel." Therefore, this argument fails.

[19] (Footnote omitted.) *In re Estate of Arnsdorff*, 273 Ga. App. 612, 614 (3) (615 SE2d 758) (2005).

of value as is reasonable under all of the circumstances. The personal representative shall use the authority and powers conferred by law, by the terms of any will under which the personal representative is acting, by any order of court in proceedings to which the personal representative is a party, and by the rules generally applicable to fiduciaries to act in the best interests of all persons who are interested in the estate and with due regard for their respective rights.

In this case, the probate court found that Hammonds "was timely in his distributions, and properly distributed assets, as keeping money on hand was a prudent decision, especially with regard to such a disputed matter." Given the evidence adduced at the hearing, the finding that Hammonds fulfilled his fiduciary duties is not clearly erroneous.

In sum, the judgment is affirmed but the case is remanded for the probate court to determine whether, and in what amount, any beneficiary owes funds to the estate, and to order such reimbursements, if the court finds it appropriate based on the evidence.

*Judgment affirmed and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 16, 2011.

*Clarence L. Leathers, Jr.*, for appellant.
*Smith, Welch & Brittain, David M. Waldroup, Birdia M. Greer, Larry J. Overman II*, for appellee.