**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 23, 2019**

# In the Court of Appeals of Georgia

A18A1767. IN RE ESTATE OF CRAWFORD.

MARKLE, Judge.

Lee Crawford, Executor of the Estate of Georgia Lee Crawford, appeals from the probate court's order resolving various disputes as to how the proceeds of the estate should be disbursed. This appeal concerns the interpretation of a year's support order that was entered after Georgia Lee Crawford's husband, Mr. Sam Crawford, Sr., died intestate in 1969.[1] The probate court concluded that the year's support order set apart the Crawfords' homestead for the joint benefit of Mrs. Crawford and the couple's three minor children, while the executor contends that the homestead was

---

[1] The probate court made other findings related to the administration of Mrs. Crawford's estate but none of those other findings have been challenged on appeal.

set apart solely for the benefit of Mrs. Crawford.[2] For the reasons discussed below, we affirm the probate court's decision.

On appellate review, we will not set aside the probate court's factual findings unless they are clearly erroneous. *In re Estate of Long*, 307 Ga. App. 896, 898 (2) (706 SE2d 704) (2011). We review questions of law, however, de novo. *In re Estate of Knapp*, 326 Ga. App. 486, 489 (756 SE2d 716) (2014).

So viewed, the record shows that Mr. and Mrs. Crawford bought certain real property, hereinafter "the homestead," in 1941, with each taking a one-half interest. When Mr. Crawford died in 1969, he was survived by his wife, three minor children, and several adult children. Mrs. Crawford filed an application for a year's support. The ordinary (now referred to as a probate court judge) appointed appraisers to evaluate the estate, and they reported as follows:

> We, the undersigned, appointed by the Honorable the Ordinary of said County of Columbia to assess and set apart a sum necessary for the support and maintenance of the widow and minor children of Samuel Crawford or (Sam Crawford), deceased, for the space of twelve months, either in money or such property as the said widow may select, do report, that we have assessed and set apart as being necessary for the

---

[2] None of the heirs of Mrs. Crawford's estate have filed briefs in this appeal.

support and maintenance of said widow and children which the said widow has selected to take as follows:

ALL that tract or parcel of land . . . described in a deed from [sellers] to Sam Crawford, dated Feb. 20, 1959 . . . .

ALSO, a one-half undivided interest in [the homestead, which] is described in a deed from [seller] to Sam Crawford and wife, Georgia Lee Crawford, dated June 30th, 1941 . . . .

And we also set apart the following household furniture for the use of said widow and children: All house-hold and kitchen furniture; 1 - 1958 Ford Pick-up truck . . . ; 1 - 1958 2-dr. Pontiac Automobile . . . ; 1 milk cow; and 5 head of hogs; cash money on Deposit in Georgia Railroad Bank & Trust C., $141.53.

The ordinary adopted the appraisers' report, and the property was set aside from Mr. Crawford's estate.

When Mrs. Crawford died in 2011, she left a will that appointed her son Lee Crawford as executor of her estate. The Crawfords' homestead was sold for $125,000 in December 2017. During administration of Mrs. Crawford's estate, a dispute arose as to how proceeds from the sale of the homestead should be distributed. One of the beneficiaries of Mrs. Crawford's will, Larry Crawford, wrote

3

a letter to the probate court, asserting that the executor had erred in distributing the estate. The probate court treated the letter as a request for final settlement of accounts. After a hearing, a transcript of which is not included in the appellate record, the probate court entered an order resolving the matter.

The probate court concluded that the executor had made various errors in distributing the estate. Among other conclusions, the probate court found that when Mr. Crawford died and his one-half interest in the homestead was set apart from his estate pursuant to the year's support order, that set apart was for the benefit of his widow and his three minor children – not for the benefit of Mrs. Crawford alone.[3] As discussed in more detail below, this finding is important because it determines how much of the homestead became part of Mrs. Crawford's estate upon her death. Under the probate court's ruling, Mrs. Crawford held a 5/8 interest in the homestead: she

---

[3] The court's order includes several charts reflecting how payments have been disbursed, how they should have been disbursed, and which individuals have received over-payments and under-payments, and the court ordered the executor to collect the overpayments and disburse the remaining funds as described in the order. The probate court's order, therefore, appears to have resolved all issues in this matter. Thus, it is final and appealable pursuant to OCGA § 53-7-62 (c), which provides that any party may appeal from a final settlement of accounts in an estate proceeding. Compare *Geeslin v. Sheftall*, 263 Ga. App. 827 (589 SE2d 601) (2003) (where matters remained pending in the probate court, no final settlement of accounts was possible and OCGA § 53-7-2 (c), therefore, did not authorize an appeal).

4

owned a one-half interest herself, and she obtained another 1/8 interest as year's support. The remaining ownership interests – three shares of 1/8 each – are held by the three children who were minors when Mr. Crawford died.

On appeal from the probate court's order, the executor argues that pursuant to the terms of the year's support order, the homestead was set aside solely for the benefit of Mrs. Crawford. Thus, Mr. Crawford's one-half interest in the homestead passed entirely to Mrs. Crawford. And, because Mrs. Crawford owned the other one-half interest herself, the entire homestead was part of her estate upon her death.

The legal principles concerning year's support are well-established. "When an individual dies testate or intestate and is survived by a spouse and/or minor children, the survivors are entitled, upon application to the probate court having jurisdiction over the decedent's estate, to an allowance out of the estate called a year's support." *Cabrel v. Lum*, 289 Ga. 233, 236 (2) (710 SE2d 810) (2011). The property may be set apart for the benefit of the surviving spouse and children, or for the surviving spouse alone. See, e.g., *In re Estate of Wallace*, 284 Ga. App. 772, 774 (2) (2007). When property is set aside for a widow and minor children, they all "own the property jointly, subject to the widow's right to consume the property [during her lifetime], and each has a share in the unconsumed property which is transferable on death to his

or her heirs or legatees." *Barber v. Dunn*, 226 Ga. 303, 306 (2) (174 SE2d 898) (1970). In other words, when the year's support is for the widow and the minor children, the widow's death does not result in the entire property being distributed according to her will. See id. at 238 (2); see also *Ennis v. Ennis*, 207 Ga. 665, 675 (63 SE2d 887) (1951) (when a year's support is for the widow and the minor children, only the widow's proportionate interest becomes part of her estate upon her death). On the other hand, when a year's support is set aside for the widow alone, the property vests solely in her and will be distributed, upon her death, as part of her estate. See *Walden v. Walden*, 191 Ga. 182, 189 (12 SE2d 345) (1940).

To resolve disputes as to whether a year's support award was set apart for the benefit of a surviving spouse and children, or for the surviving spouse alone, courts have considered both the award itself and the surviving spouse's application for support. See *Farmers Bank of Tifton v. Williams*, 188 Ga. 789, 793-794 (5 SE2d 195) (1939). In *Williams*, the widow applied for a year's support using a pre-printed form. She did not name the minor children in her application, and she did not fill in the blank to indicate how many minor children were involved. Id. at 793. Further, the appraisers' report identifying property to be included in the award made no reference to minor children. Id. The Supreme Court found no significance in these omissions,

emphasizing, instead, that the widow did not strike out the words "minor children" on the form and finding that her application was "for herself and her 'minor children.'" Id. Considering the proceeding in its entirety, then, the probate court correctly determined that the year's support was to benefit both the widow and the minor children. Id. at 794.

Here, Mrs. Crawford used a pre-printed form to apply for a year's support on behalf of both herself and her three minor children, whose names she listed on the application. Consequently, pursuant to *Williams*, the probate court correctly found that the year's support award was for the benefit of Mrs. Crawford and the minor children.

The executor contends that the language describing the homestead to be set apart is similar to that of *Wallace*, 284 Ga. App. at 774-775 (2), where the ordinary's order "split up the assets in the award and assigned them in two parts," one for the benefit of the widow and the minor children and the other for solely the widow. We are not persuaded by this argument. The language of the year's support order in this case is dissimilar to the language in *Wallace*. Although the order identifies three groups of property and clearly provides that the third is set apart for use by Mrs. Crawford and the minor children, it does not provide that the other property is set

apart solely for Mrs. Crawford's use. The executor's reliance on *Wallace*, therefore, is unavailing. Further, the appraiser's report described all the property being set aside as "necessary for the support and maintenance of said widow and children."

The executor further contends that the order's reference to Mrs. Crawford's "selection" of this property is additional evidence that it was set apart solely for her benefit. We disagree. Assuming arguendo that the form's pre-printed reference to Mrs. Crawford "selecting" the property to be set aside from Mr. Crawford's estate may be construed as an indication that she agreed to the plan described therein, this reference does not suggest that the property at issue would be set aside solely for Mrs. Crawford instead of for her and the children jointly. "It is settled that in making the application the widow may act for herself and the minor children." *Williams*, 188 Ga. at 793; see also *Hendrix v. Causey*, 148 Ga. 164, 165-166 (96 SE 180) (1918) ("In a proceeding to set apart a year's support for a widow and minor children out of the property of the deceased husband, the widow may act for the minor children as well as herself."). Accordingly, the use of the term "selection" means nothing as to Mrs. Crawford's intent between herself and the children.

Finally, the executor argues that if there is any ambiguity in the year's support award, the case should be remanded for the probate court to consider evidence outside

8

the award itself. For the reasons discussed above, however, we conclude that the year's support order is not ambiguous. We agree with the probate court's interpretation of the year's support order, and we hereby affirm the probate court's order on Mrs. Crawford's estate.

*Judgment affirmed. McFadden, P. J., and Rickman, J., concur.*