**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 30, 2021**

# In the Court of Appeals of Georgia

A21A0325. IN RE ESTATE OF McLENDON.

MCFADDEN, Chief Judge.

April Owens appeals from a probate court order granting a petition to probate the will of her father, David McLendon. Owens argues that the evidence regarding McLendon's signing of the will overcame the presumption that the will is valid. But some evidence supports the probate court's ruling that the presumption of validity applies. So we affirm.

After McLendon died in 2018, his brother and his widow filed petitions to probate his 2010 will. Owens and her brothers (who are not parties to the appeal) filed a caveat. The probate court conducted a hearing at which Owens and her brothers argued that the will was invalid because it had not been executed in accordance with testamentary formalities since McLendon neither signed the will nor acknowledged

his signature on the will in the presence of the two witnesses to the will. See *Waldrep v. Goodwin*, 230 Ga. 1, 6 (2) (195 SE2d 432) (1973) (for a will to be valid, the "testator must sign or acknowledge his signature in the presence of the witnesses"); OCGA § 53-4-20.

Those two witnesses testified at the hearing. One of them testified that he did not remember whether McLendon already had signed the will when the witness signed it almost ten years earlier. But he also testified that McLendon had not signed the will when the witness signed. In any event, the witness did not see McLendon sign. The other witness testified that he only remembered signing the will; he did not remember whether other signatures, including McLendon's, were on the will when he signed it. But he also testified that he did not see any signatures. McLendon's widow and his brother identified McLendon's signature on the will and Owens does not dispute that McLendon signed it.

The probate court entered a final order admitting the will to probate. Citing *Glenn v. Mann*, 234 Ga. 194, 198 (1) (214 SE2d 911) (1975), the probate court ruled that because the witnesses did not remember the formalities of the execution and attestation of the will, the presumption of validity applied. Under *Glenn*, "[w]here a witness fails to remember events surrounding the will's execution, there is a

2

presumption, given proof of the signatures appearing on the will, that all was done as the law requires." *Glenn,* 234 Ga. at 198 (1).

On appeal, Owens reiterates her argument that the will is invalid because McLendon did not sign it in the presence of the witnesses or acknowledge his signature to them. She adds that the probate court erred by applying the presumption of validity because, unlike the witness in *Glenn* who "had no recollection of anything transpiring in connection with the will's execution," *Glenn*, 234 Ga. at 198 (1), the witnesses to McLendon's will did remember some of the circumstances in connection with the will's execution and affirmatively testified that McLendon did not sign the will in their presence.

But the witnesses gave contradictory testimony. Although they each testified that there were no signatures on the will when they each signed (which cannot be true for both of them), one of the witnesses also testified that he did not remember whether McLendon already had signed the will when the witness signed it and the other witness also testified that he did not remember whether other signatures, including McLendon's, were on the will when he signed it.

The probate court properly resolved the credibility issues arising from the contradictions in the witnesses' testimony:

3

On appellate review, we will not set aside the probate court's factual findings unless they are clearly erroneous, deferring to the court's opportunity to judge the credibility of the witnesses. The clearly erroneous test is the same as the "any evidence" rule. Thus, where the probate court's findings of fact are supported by any evidence, they will be upheld on appeal

*In re Estate of Long*, 307 Ga. App. 896, 898 (2) (706 SE2d 704) (2011). Some evidence supports the probate court's finding that the witnesses did not remember the formalities of execution and attestation. So we must uphold the probate court's finding and its conclusion that the witnesses' testimony does not overcome the presumption of validity.

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*