**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 24, 2022**

# In the Court of Appeals of Georgia

A21A1740. IN RE THE ESTATE OF JOYCE MARIE PLYBON, DECEASED.

REESE, Judge.

Dorothy P. Johnson, the executrix of the estate of Joyce Plybon (the "Decedent"), appeals from an order of the Probate Court of Douglas County on a petition for accounting and final settlement of accounts brought by Appellee Mary Marvel. Johnson argues that the probate court lacked jurisdiction to construe and enforce a consent order between Johnson, Marvel, and Glenn Plybon, the parties' brother (collectively, the "Heirs"), and that, even if the probate court had jurisdiction, it erred in construing the consent order. For the reasons set forth infra, we affirm.

Marvel filed the underlying petition against Johnson in the probate court, seeking an accounting and final settlement of the Decedent's estate (the "Estate").

Johnson responded that the case had been settled by virtue of a 2013 consent order between the Heirs, which resolved three cases then pending in the Superior Court of Douglas County. Johnson also contended that the construction and enforcement of the consent order was within the jurisdiction of the superior court and not the probate court.

Following a hearing, the probate court found that, under the terms of the consent order, Marvel was entitled to one third of the proceeds from the sale of the Estate's real property, less her one-third share of the real estate commissions and $80,000. The court ordered Johnson to file an accounting of the proceeds from the sale of the Estate's real property and the deductions from Marvel's share as outlined. This appeal followed.

"Jurisdiction is a question of law to which appellate courts apply a de novo standard of review."[1] Similarly, we review de novo the construction of a consent order under the rules governing the interpretation and enforcement of contracts.[2] With these guiding principles in mind, we turn now to Johnson's claims of error.

---

[1] *In re Estate of Cornett*, 357 Ga. App. 310, 313 (1) (850 SE2d 790) (2020) (punctuation and footnote omitted).

[2] See *Northlake Manor Condo. Assn. v. Harvest Assets*, 345 Ga. App. 575, 580-581 (1) (812 SE2d 658) (2018).

2

1. Johnson argues that the probate court lacked jurisdiction because Marvel's petition was essentially seeking specific performance of the parties' consent order and because the court had to resolve conflicting claims to real property.[3]

OCGA § 53-7-63 grants probate courts authority to "make an account, hear evidence upon any contested question, and make a final settlement between the personal representative and the heirs or beneficiaries."

> With respect to areas in which the probate court has been given exclusive, original subject matter jurisdiction, its authority is broad. The probate court can order an accounting, remove executors or require they post additional security, or issue such other order as in the probate court's judgment is appropriate under the circumstances of the case[.][4]

Here, construction of the consent order in the context of the petition for settlement of accounts under OCGA § 53-7-63 fell within the probate court's jurisdiction.[5]

---

[3] See Ga. Const. of 1983, Art. VI, Sec. IV, Par. I (granting exclusive jurisdiction to the superior courts in cases respecting title to land).

[4] *Greenway v. Hamilton*, 280 Ga. 652, 654-655 (2) (631 SE2d 689) (2006) (citation and punctuation omitted).

[5] See *In re Estate of Long*, 307 Ga. App. 896, 900 (2) (b) (706 SE2d 704) (2011).

3

Further, there is no dispute that Johnson sold the Property before Marvel filed the underlying petition for accounting. The probate court did not attempt to determine title to the Property, but rather, determined how the proceeds should be distributed according to the terms of the consent order and ordered Johnson to make an accounting. We thus find no error in the probate court's exercise of jurisdiction.[6]

2. Johnson contends that the probate court erred in specifically enforcing the consent order without giving notice to all the parties, and specifically to Plybon or to Johnson in her individual capacity.

Assuming arguendo that Johnson did not waive this argument by failing to raise it in the probate court, as Marvel contends, Johnson abandoned it by failing to cite to any supporting authority in her appellate brief.[7]

---

[6] See *In re Estate of Coutermarsh*, 325 Ga. App. 288, 292 (3) (752 SE2d 448) (2013) (affirming probate court's removal of executrix due to her apparent self-dealing in real estate transactions where the probate court did not attempt to determine title to the property); *Ray v. Nat. Health Investors*, 280 Ga. App. 44, 47 (1) (633 SE2d 388) (2006) (holding an order that the executor return assets that belonged to the estate was not void; "implicit in the probate court's order is a finding that the sales proceeds must be returned specifically because there exist disputes as to ownership, a determination of which must be made by a court with jurisdiction over the issue and not unilaterally by [the executor]").

[7] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

3. Johnson argues that the probate court erred in finding that Marvel's share of the Property was not limited to one third of the appraisal value.

The consent order provided in relevant part:

2. The [Heirs] each shall be entitled to a one-third (1/3) interest in the real property of the estate.

3. [Marvel] shall prepare and mail to [Johnson's attorney] a Quit Claim Deed transferring the real estate into the name of [the Decedent].

4. The [Heirs] shall obtain an appraisal of the real estate by an appraiser agreed upon by the [Heirs].

5. After the appraisal is complete, [Marvel] will be given a Security Deed equal to one-third (1/3) of the appraised value of the [P]roperty. That Deed shall be due and payable thirty-six (36) months from the date of the appraisal. If the Security Deed is not satisfied within thirty-six (36) months, the estate shall have an additional twenty-four (24) months to satisfy the secured interest. Beginning with the thirty-seventh (37) month, the estate shall make monthly payments to Marvel based upon a sixty (60) month amortization of the secured amount, but with a lump sum due and owing at the end of the sixtieth (60) month.

6. From her share of the estate, Marvel shall reimburse the estate eighty thousand dollars ($80,000).

. . .

8. Marvel disclaims any interest to personal property of the estate.

9. In reference to paragraph number five (5), Marvel's one-third (1/3) interest shall be adjusted for her pro rata share of any real estate commissions paid. . . .

"A consent order is essentially a binding agreement of the parties that is sanctioned by a court, and it is subject to the rules governing the interpretation and enforcement of contracts."[8] Thus, "where the language of a contract is plain and unambiguous, no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance."[9] "[A] word or phrase is ambiguous when its meaning is uncertain and it may be fairly understood in more ways than one."[10]

The unambiguous terms of Paragraph 2 show that Marvel was entitled to a one-third interest in the Property. The only reductions of her share are found in Paragraphs 6 ($80,000) and 9 (her pro rata share of any real estate commissions paid). Nothing in Paragraph 5, which provides for Marvel to receive a security deed in the amount of one third of the appraised value, limits her interest based on the appraisal.

Johnson argues that the intent of the Heirs was to fix Marvel's interest in time based on the appraisal. However, this reading would render Paragraph 9, reducing her

---

[8] *Northlake Manor Condo. Assn.*, 345 Ga. App. at 580 (1) (citation and punctuation omitted).

[9] Id. at 580-581 (1) (citation and punctuation omitted).

[10] *Shepherd v. Green, Klosic & Daugherty*, 325 Ga. App. 188, 190 (750 SE2d 463) (2013).

interest by her share of real estate commissions, superfluous.[11] Construed as a whole and interpreting the provisions of the consent order so as to harmonize with each other,[12] the intention of the Heirs was that Marvel's one-third interest in the Property was not limited based on the appraisal value. Because the consent order was unambiguous, the probate court properly found that parol evidence was inadmissible.[13]

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[11] See OCGA § 13-2-2 (4) ("The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part[.]"); *Milliken & Co. v. Ga. Power Co.*, 354 Ga. App. 98, 100 (839 SE2d 306) (2020) ("Courts should not render any language in a contract as superfluous, and any construction that renders portions of the contract language meaningless should be avoided.") (citation and punctuation omitted).

[12] See *Morgan Guaranty Trust Co. v. Atlanta Nat. Real Estate Trust*, 149 Ga. App. 118, 119 (253 SE2d 774) (1979) ("The intention of the parties is determined from a consideration of the entire contract; and, if possible, all of its provisions should be so interpreted as to harmonize with each other.") (citation and punctuation omitted).

[13] See OCGA § 13-2-2 (1).